## Bridgford v. Stewart Dry Goods Company.

(Decided May 20, 1921.)

## Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Negligence—Inducing One to Come Upon Premises—Ordinary Care of.—The owner or occupant of premises who induces others to come thereon by invitation express or implied, owes them the duty of using ordinary care to keep the premises in safe condition, but is not an insurer of the safety of such persons.
2. Negligence—Assumption of Risk.—An invitee who uses a damp floor with knowledge of its condition assumes any risk incident thereto.
3. Damages—Personal Injuries—Instructions.—In suit for personal injuries, the court did not err in directing a verdict for defendant where plaintiff proved that she had knowledge of the moist condition which she claimed rendered the floor of defendant's store unsafe and caused her to fall.
4. Negligence—Care of Owner of Store Room.—The mere fact the floor in a well lighted store room was moist or damp did not render it so dangerous as to require of the owner in the exercise of ordinary care for the safety of his customers, that he should place barricades across the entrance and prevent its use altogether.

EDWARDS, OGDEN & PEAK for appellant.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The defendant, now appellee, conducts a department store in Louisville and maintains on the basement floor a check room or counter for use of its patrons.

About three o'clock in the afternoon of July 29, 1919, plaintiff went to this check room for her grip and in walking back to the stairway fell and received serious if not permanent injuries. Just a few minutes before this the floor of the basement had been covered about an inch deep with water as a result of an unusual rain storm. It is conceded by counsel for plaintiff that the flooding of the floor was not caused by any negligence upon the part of defendant, but it is alleged that as a result thereof the floor of the basement was wet, slick and "in an unsafe and dangerous condition for persos to walk upon and over and this condition was known to the

defendant, its agents, servants and employes or could have been known by it and them by the exercise of ordinary care and was unknown to this plaintiff. That the defendant negligently failed to warn or notify plaintiff of the unsafe and dangerous condition of said floor and negligently failed to place barricades at the entrance to said basement or otherwise prevent plaintiff from using said floor."

These allegations of the petition were denied by the answer and upon a trial at the conclusion of the plaintiff's testimony the court gave a peremptory instruction in favor of the defendant. From the judgment entered thereon the plaintiff has prosecuted this appeal.

The evidence of plaintiff shows that she was upon the premises by invitation of the defendant and as a consequence the defendant owed her the duty of using reasonable or ordinary care to keep the premises in a safe condition but was not an insurer of her safety. Anderson and Nelson Distilleries Co. v. Hair, 103 Ky. 196, 44 S. W. 658; Branham's Administrator v. Buckley, et al., 158 Ky. 848, 29 Cyc. 454.

The evidence shows that immediately upon the flooding of the floor and before plaintiff entered the basement some planks were taken up at one end of same to allow the water to run through and janitors were put to work mopping up the floor where it was wet; that the basement was well lighted; that there were no barriers erected to prevent plaintiff from going on the floor and that no one warned or notified her not to do so. Plaintiff testified that she was caused to slip and fall by the wet or damp condition of the floor. Upon cross-examination she was asked and answered the following questions:

"Q. You say when you came down the steps you found the room well lighted? A. It was well lighted, yes. Q. The floor was perfectly level and in good condition as far as you could see? A. As far as I could see. Q. What was there on the floor that could cause anybody to slip? A. From where they had been mopping. Q. That is all? A. That is all I could see. Q. Just a little dampness on the floor where they had just finished mopping, evidently? A. It was water, from the condition of my clothes. Q. Did you notice this dampness as you walked toward the counter for your grip? A. No, sir; not until I stood there waiting for my grip; I noticed them mopping just beyond the check room, past me. Q.

Then you noticed the floor all around you was slightly moist ? A. Yes. Q. And that it was in that condition between the check counter and the steps that you were going to? A. Yes. Q. So when you walked across that floor you knew it was moist? A. Yes.''

Upon this testimony it is plain that the plaintiff while she was waiting at the counter for her grip saw the porters mopping up the floor and that the floor was moist between the check counter and the steps. Hence she knew of the very condition which she claims rendered the floor unsafe, and her accident was not the result of defendant's failure to give her notice or warning, even if it be conceded that ordinary care required notice that an ordinary wood floor in a well lighted room was moist or damp, which is at least doubtful. See American Tobacco Company v. Adams, 137 Ky. 414. Certain it is that the mere fact the floor was moist or damp did not render it so dangerous as to require of defendant in the exercise of ordinary care for the safety of its customers that it should place barricades across the entrance to the basement and prevent its use altogether until the floor was entirely dried out. We are inclined to the opinion that proof simply that an ordinary wood floor in a well lighted room is moist or damp is no evidence that it is not in a reasonably safe condition for use, but if mistaken in that, we are quite sure that one who uses such a floor with full knowledge of its condition assumes any and all risks incident to its use. We are therefore of the opinion that the trial court did not err in directing a verdict in favor of the defendant.

Wherefore the judgment is affirmed.