### LIVERMORE v. MANDEVILLE & THOMPSON, Inc.

#### No. 8332.

Circuit Court of Appeals, Fifth Circuit.

Jan. 7, 1938.

Ed. M. Whitaker, of Midland, Tex., for appellant.

J. L. Sullivan, of Big Springs, Tex., and Harry Hammerly and Frank M. Bailey, both of Chickasha, Okl., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

Appellant brought this suit to recover damages for breach of contract, alleged to be $35,000. At the close of the evidence a verdict was directed for defendant. Assignments of error all run to this action of the court.

It appears that on September 2, 1935, plaintiff entered into a contract with defendant, a corporation engaged in drilling oil and gas wells, by which he agreed to devote his entire time to procuring drilling contracts in the West Texas field. After the first contract was obtained he was to receive from defendant the sum of $250 per month and actual expenses when away from home on behalf of the business. Defendant agreed to create a separate branch of its business, to be known as West Texas Division, to keep separate accounts for it and to transfer to that division certain equipment of the value of $50,000. The contract provided that defendant should have general supervision and control of the business of the West Texas Division. A provision of the contract was as follows: "After the payment of all expenses in the operation of said West Texas Division, when the net profits, after deductions for taxes, expenses, new drilling equipment, etc., shall equal the sum of $50,000.00 (Fifty Thousand Dollars), then, and only in that event, the first party will convey unto the second party an undivided one-third interest in the aforesaid drilling rigs, trucks, and car; it being expressly understood that until such time as the net profits as hereinbefore defined shall equal the sum of $50,000.00, the second party shall have no interest of any kind in or to the said property."

The contract did not provide for any definite term of employment. On May 5, 1936, defendant elected to terminate the contract and so notified plaintiff.

The contention of plaintiff is that defendant breached the contract by dismissing him on May 5, 1936, and at that time more than $100,000 profit had been earned from the business in the West Texas Division; that his one-third interest in the equipment had attached and he was entitled to recover as damages one-third of the profit earned. On the other hand defendant contends that plaintiff was dismissed for cause, in that he assumed authority he did not possess and interfered with the proper conduct of the work; and that no profits had been earned.

Plaintiff is not suing for arrears of salary or for reimbursement of expenses and makes no point as to that. If he can recover at all it must be on the theory that the clause of the contract above quoted provided for a partnership or joint adventure. In one aspect the contract is susceptible of that construction but the provision was to take effect in the future after the earning of net profits of $50,000, which was a condition precedent.

The evidence in behalf of plaintiff amounted to no more than an estimate of what should have been earned. The testimony for defendant was concrete and positive and tended to show that instead of a profit being earned the operation of the business in the West Texas Division had resulted in a loss. The burden was on plaintiff to prove with reasonable certainty by a clear preponderance of the evidence that sufficient profits had been earned to put the above-quoted provision in effect.

Putting aside the partnership or joint adventure feature of the contract, it is plain the contract was one for personal services, without any definite term of employment. It was therefore terminable at will by either party. Warden v. Hinds, 4 Cir., 163 F. 201, 25 L.R.A.,N.S., 529; Boatright v. Steinite Radio Corporation, 10 Cir., 46 F.2d 385. There was no substantial evidence upon which plaintiff could recover. It is elementary that in this situation it was the duty of the District Court to direct a verdict for defendant.

The record presents no reversible error.

Affirmed.