### Ramsey v. Fontaine Ferry Enterprises, Inc.

December 5, 1950.

Burrel H. Farnsley, Judge.

Finley F. Gibson, Jr. for appellant.

Woodward, Hobson, & Fulton for appellee.

VAN SANT, COMMISSIONER—Affirming.

The appeal is from a judgment entered upon a verdict directed by the court in favor of appellee, defendant below. The sole question for our determination is whether the court erred in directing the verdict.

The defendant maintains an amusement park generally known as Fountain Ferry Park in the City of Louisville. In this connection it operates an amusement device commonly known as "motor scooters." The plaintiff, in company with relatives, purchased a ticket entitling her to ride in one of the scooters. While riding therein, she suffered certain injuries it is unnecessary to discuss. She filed suit against the defendant to recover for the injuries, alleging she sustained them as a result of the gross negligence and carelessness of the defendant.

Plaintiff and her witnesses testified that while plaintiff was riding on one of the scooters, another patron, a boy of about 12 or 13 years of age, caused the scooter he was operating to bump into the scooter occupied by plaintiff; she made no complaint to the boy at the time and the latter drove his scooter around the rink several times thereafter before he reversed his course and "side-swiped" plaintiff's scooter; she then reprimanded him and the operator of the rink, observing the boy's conduct, required him to reverse his course and proceed in the proper direction; shortly thereafter the boy struck plaintiff's scooter in the side, causing her to run into an island in the center of the rink, and before she could regain control of her scooter, other scooters collided with her knocking her against the wall and injuring her. There was no evidence that anybody connected with the defendant collided with her or threw her against

220

the side or mechanism of the motor scooter or against the rail fence or wall of the enclosure of the amusement attraction. These acts were committed by a total stranger. The only negligence relied on by appellant is that the agent of defendant failed to stop the scooters by throwing the switch on the electric control after discovering plaintiff's peril.

The entire device is arranged to provide thrills for its users by bumping into or dodging each other. There is no other lure. The game has its hazards, but one cannot be ignorant of them. Plaintiff entered the scooter for the purpose of engaging in the frolic. She deliberately exposed herself to the contingency which occurred. If, by the conduct of another patron, she was exposed to an unusual hazard, no one could have been better acquainted with the fact than she. Whilst the management had control of the electric current used by all of the scooters to propel their vehicles, she had independent control of the motion of the scooter she was using. She could have stopped it and alighted from it, and, by doing so, could have eliminated herself as the target in the prankish game the youth persisted in playing. We find no evidence in the transcript which would place the attendant of the rink on notice that the plaintiff was encountering an unusual hazard, if indeed she was, until it was too late for him, by shutting off the power, to avoid the accident. Under these circumstances, we are of the opinion that the plaintiff assented to the engagement which brought about her injury and in such circumstances the law will enforce the maxim volenti non fit injuria (no legal wrong is done to him who assents). 35 Am. Jur. 715, 716, Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22.

Since it is apparent the court correctly directed a verdict for the defendant on the evidence, it is unnecessary for us to refer to the complaint made in respect to the variance between the pleadings and the evidence.

The judgment is affirmed.