## W. T. GRANT CO. v. KARREN.

### No. 4221.

United States Court of Appeals
Tenth Circuit.
June 26, 1951.

Ned Warnock, Salt Lake City, Utah (George A. Critchlow and A. W. Watson, Salt Lake City, Utah, were with him on the brief), for appellant.

Dwight L. King, Salt Lake City, Utah (Calvin W. Rawlings, Harold E. Wallace, Parnell Black, Brigham E. Roberts and Wayne L. Black, Salt Lake City, Utah, were with him on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This was on action by the appellee, Edith Mabel Karren, against appellant, W. T. Grant Company, to recover damages for personal injuries sustained when she slipped and fell on the terrazzo entrance way to appellant's store in Salt Lake City, Utah. The jury returned a verdict for appellee on which judgment was entered and the company has appealed. In support of its appeal, the company urges that there was no evidence establishing negligence on its part; that the appellee in any event was guilty of contributory negligence and that the trial court erred in its instructions to the jury.

The entrance way to appellant's store, where the accident occurred, sloped slightly

toward the street. It is constructed of a material known as "terrazzo". A terrazzo floor consists of cement, marble chips and an abrasive, which in this case was a material sold under the name of "Alundum". The marble chips and the alundum were placed in the cement. The marble chips give the floor its beautiful coloring and the alundum is added to make it less slippery when wet. After the aggregate had set for seventy-two hours, it was polished by several sanding machine operations to give it a shine and bring out the beautiful colors of the marble. There is evidence in the record that these polishing operations to some extent grind away the abrasive, minimize its non-skid propensities and make the floor more slippery when wet than it would be, if not so treated. There is also evidence in the record that terrazzo floors are more slippery when wet than floors constructed of other materials. Also there is evidence that it is a practice to take precautions to avoid slipping on such floors when wet, by putting down rubber mats or sprinkling them with abrasive powders or substances. In fact, Robert Shurtleff, manager of the appellant's store in Salt Lake City, testified that it was their custom to do so and that he had instructed the porter to sprinkle this Non-skid powder on the entrance way, whenever they had a storm, as an added precaution.

On the afternoon of the accident, appellee and her sister came down town and attended a show. When they left the theatre, it was and had been raining. Appellee testified it was raining hard. After leaving the theatre, the two ladies entered another store where they made a purchase and then walked down the sidewalk two blocks to appellant's store. It was raining hard at the time. As appellee started to enter Grant's Store, she slipped and fell on the terrazzo entrance, suffering severe injuries. Appellee's evidence was that the terrazzo entrance was wet from the rain.

Appellee and her sister both testified that they had seen a powdery substance on other entrance ways, similar to appellant's entrance way, when they were wet, but that they saw none on this entrance way on the day of the accident, when they entered the store. Appellee's sister testified that there was no powder on appellee's coat after she had fallen. She further testified that, while she saw no such powder on the entrance way when they went into the store, she saw some there later when they came out. Oakes, appellant's porter, testified that he had been instructed to put Non-skid powder on the entrance way when it was wet; that he knew the entrance way was wet that day, but that he did not recall whether he had placed any there on that day before appellee was hurt.

In Erickson v. Walgreen Drug Company in an opinion filed June 1, 1951, 232 P.2d 210, the Supreme Court of Utah held upon facts substantially the same as those before us that whether the owner of the store was guilty of negligence presented a jury issue. At the argument, appellant sought to distinguish that case on the ground that there the terrazzo floor was old and had become slick by wear and that as a result thereof the jury question was whether Walgreen was guilty of negligence in not recognizing that condition and taking additional precautions. While that fact is alluded to by the court in its opinion, it is advanced only as one of the reasons from which a jury might be warranted in concluding that Walgreen might be guilty of negligence. Here the appellee's own testimony establishes that it knew of the slippery condition of such floors when wet and that it instructed its porter to put additional Non-skid material on the entrance way under such conditions. Under the decision of the Supreme Court of Utah, we think it became a question of fact for the jury's determination whether under the existing conditions appellant exercised reasonable care for the safety of its invitees.

The record does not support appellant's contention that appellee was guilty of contributory negligence. True, she was familiar with the entrance way in question. She had no doubt been in and out of the store on numerous occasions, but there is no evidence in the record supporting a finding that she was familiar with terrazzo floors; that she had any knowledge as to their peculiar characteristics, or knew or had reason to know that they were unduly

slippery when wet. The evidence is that she walked in an ordinary way in approaching and entering appellant's store. The cases upon which appellant relies to sustain its conclusions are distinguishable on the facts. Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F.2d 332, was decided on the ground there was no negligence established against defendant. Contributory negligence on the part of the plaintiff is not mentioned in the opinion. In Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22, the plaintiff slipped on a wet wood basement floor, which she knew was wet. The court held that she assumed the risk, knowing that the wet wood floor was slippery.

Neither is the objection to the court's instructions well taken. The part of the court's instructions objected to is as follows:

"Now I shall attempt to frame for you, the first issue which it will be your duty to consider and deliberate upon and decide, and that issue is whether or not W. T. Grant Company in having the terrazzo entrance at the slope which has been testified to here, during a storm, maintaining it there without the non-slip powder for the period of time indicated by the evidence and under all the facts and circumstances, had either acted or failed to act in such manner as not to be in the exercise of ordinary and reasonable care and prudence, and whether or not that action, or omission, if any you find to have been negligent, was the direct and proximate cause of the accident and the resulting injury to Mrs. Karren."

"If you find by a preponderance of the evidence that W. T. Grant Company in having that terrazzo entrance there at the slope indicated and under the wet conditions and without non-slip powder, if you find it was without non-slip powder, was not in the exercise of reasonable and ordinary care and prudence, and that action or omission was the direct and approximate cause of the accident and the resulting injury to Mrs. Karren's elbow and arm, then it is your duty to bring in a verdict for Mrs. Karren and against the defendant W. T. Grant Co. * * *"

The court might have well defined in detail the meaning of "reasonable care and

prudence." No objection was, however, taken to the instruction on that ground in the trial court, nor is it or could it for the first time be attacked on that ground here. The court did not as urged by appellant unduly emphasize in the instructions the possible duty of appellant to use a non-slip powder. The whole case centered around the issue whether the failure to use a non-slip powder under all the conditions as they existed at the time of the accident constituted negligence. The issue was simple and easy of comprehension. The court's instructions clearly informed the jury that the answer to the question, if it found that no non-slip powder had been used, was for its determination. We think the jury's findings that appellant was negligent finds support in the record, as well as in the decision of the Supreme Court of Utah in Erickson v. Walgreen Drug Company, supra.

Affirmed.