**FISHER v. HARDESTY.**

Court of Appeals of Kentucky.

May 9, 1952.

As Modified on Denial of Rehearing

Nov. 21, 1952.

Lawrence S. Grauman, Julius Leibson, Louisville, for appellant.

J. Donald Dinning, Louisville, for appellee.

STEWART, Justice.

Plaintiff, Anna L. Fisher, fell on the vestibule of a drug store owned and operated by defendant, Marion V. Hardesty, at Thirty-eighth and Broadway Streets in Louisville, and sustained serious and painful injuries. The court instructed the jury to find for the defendant in her suit for damages. Plaintiff appeals.

Appellant, a customer of appellee, went to the drug store on the morning of December 16, 1949, to register so as to be eligible to receive prizes at a drawing regularly conducted by appellee. There is a paved set-back with a sidewalk at two levels in front of the store entrance, and two steps lead therefrom to the vestibule. We have not been told the type of construction of the vestibule but the floor appears from an examination of the exhibits to be built of concrete. As appellant approached the store she saw a porter mopping the vestibule. The latter finished on the outside just before she reached the door, and then went inside and continued with his mopping operations. The establishment was not open for business at the time and appellant stood to one side of the entrance where she waited until the clerk opened the door. Around 8:00 or 8:15 a. m., the store opened, and appellant promptly stepped inside, and walked over the floor in the store which was still wet back to the place of registration, a distance of approximately 20 feet, where she signed her name. As she turned to go out, after perhaps 5 or 10 minutes in the store, she testified that she opened the door, took one step in the vestibule, and her feet flew out from under her with the result that she had a severe fall. After she had fallen, she found that one hand was wet, and she claims she then saw for the first time a thin sheeting of ice on the floor of the vestibule. She said the clerk of the store, after assisting her, got a box of table salt and sprinkled it on the vestibule. It was admitted the temperature was around 21 degrees above zero at the time of day the accident occurred. It was also conceded that the day was clear and that no rain or snow had fallen on the outside street or in the vestibule.

A primary question presents itself on this appeal, namely: Was there evidence of negligence upon the part of appellee in connection with the accident? Secondarily, we might ask: Was appellant guilty of contributory negligence as a matter of law?

Appellant was unquestionably upon the store premises as an invitee and, as a consequence, appellee owed her the duty of using reasonable care to keep the vestibule in a safe condition, but appellee was not an insurer of her safety. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22.

Generally, there is no liability of a store owner to a customer who slips because of water, mud and the like on outside steps or in an entrance area which is not enclosed, if the steps or floor are properly constructed and are not inherently dangerous. Curtis v. Traders National Bank, 314 Ky. 765, 237 S.W.2d 76. It was also pointed out in the last-mentioned case that, in order to attach liability to a store owner, there must be a showing that the owner did something or omitted to do something which proprietors of buildings in the exercise of ordinary care generally do or omit to do for the protection of their patrons under similar circumstances.

Appellant's right of recovery seems to be predicated upon two grounds: One is an assumption that the store proprietor had superior knowledge of the unsafe condition that would result from mopping the vestibule on a day of freezing temperature; and the other is an assertion that appellant was ignorant, or could not have known, of the presence of ice in the vestibule at the time of her injury.

■ These two theories overlap; consequently, we shall consider them together. It is the rule that when the perilous instrumentality is known to the store owner and not to the person injured that a recovery is permitted. 38 Am.Jur., Negligence, Sec. 97, p. 757; Batson v. Western Union Telegraph Co., 5 Cir., 75 F.2d 154. In the performance of the mopping in this case, and there is no evidence it was done improperly, it is contended the store owner should have foreseen that ice would form on the vestibule, and that this was a circumstance which might create a sort of secret hazard of which the proprietor would be aware but of which the customer would not. Certainly it is a customary practice for merchants to mop the floors, including the vestibules, of their stores. Appellant saw the vestibule being made wet by mopping and we believe she was chargeable as an ordinarily prudent person with knowledge that freezing weather might congeal the wet surface. Therefore, she was cognizant of all the conditions obtaining, and there can be no liability upon the part of appellee for the injuries received by appellant where, as here, the danger was as well known to her as it was to the owner of the store.

■ The evidence created no issue whatsoever on the subject of comparative knowledge by the parties. The principle of law applicable to the facts of this case is well stated in 65 C.J.S., Negligence, § 50, page 543: "The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. * * *"

■■ Appellant places much emphasis upon the fact that appellee sprinkled salt on the vestibule floor after appellant's accident, it being asserted that this act indicates appellee had special knowledge of the hidden peril to customers that would arise by mopping the vestibule in freezing weather; but we conclude from all the evidence that appellant's fall brought to appellee's notice for the first time the presence of ice at the entrance to his store and, upon the receipt of this information, he acted promptly to forestall a similar accident. Moreover, we do not think this evidence was admissible on the authority of Kentucky & West Virginia Power Company v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 541, 170 A.L.R. 1, wherein we said: "While in certain circumstances evidence of changes in conditions or proof of repairs made after an injury are admissible for the purpose of showing the condition of the premises at the time the accident occurred, Louisville & N. R. Co. v. Woodward, 15 Ky.Law Rep. 445; Union Light, Heat & Power Co. v. Lakeman, 156 Ky. 33, 160 S.W. 723, it is never admissible in proof of negligence of the defendant in not having made the repairs or taken the precautions prior to the accident."

We laid down this doctrine in Bush v. Grant, 61 S.W. 363, 22 Ky.Law Rep. 1766, on the subject of contributory negligence: "Ordinarily, the question whether the injury was caused solely by the defendant's negligence, or was contributed to by plaintiff, should be left to the jury, but, where there is no conflict of evidence as to the manner of the injury, and when the facts show unmistakably that the injury resulted from an act of the plaintiff, which in law is in itself negligence, the court should not submit the question to the jury." See also Neal v. Ashland-Ironton Transfer & Ferry Co., 201 Ky. 332, 256 S.W. 721.

Appellant was the only witness who testified in the case at bar.

She said she stood on one side of the entrance to the store while the porter finished mopping the vestibule. Yet, she said she made no examination of the vestibule at the time to determine whether it was either wet or ice-coated. Finally, when she en-

tered the store, she stated she did not look at the floor but kept her gaze directly ahead of her on the door. She admitted the floor was wet inside the store, but she walked over it nevertheless, and in doing so got her shoes and particularly her heels wet, so that when she went out on the vestibule again her wet shoes or heels, or both, instead of ice, could easily have caused her fall. Under these conceded facts we conclude appellant was guilty of contributory negligence as a matter of law.

Wherefore, the judgment is affirmed.