## NICHOLS v. BARTON.

### No. 4553.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1953.

Byrne A. Bowman, Oklahoma City, Okl., on brief for appellant.

James C. Cheek, Alex Cheek and John D. Cheek, Oklahoma City, Okl., on brief, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Alan T. Nichols, instituted this action against appellee, J. Clib Barton, as Administrator of the estate of Beulah Ann Lemons, Deceased, to recover damages for injuries suffered as a result of an automobile accident. The jury returned a verdict for defendant and Nichols has appealed.

Nichols testified that he and David Forrester were guest passengers in a 1951 Plymouth Tudor automobile owned by Miss Lemons on a trip by her from Oklahoma City to Colorado Springs, Colorado; that about ten or twelve days thereafter Miss Lemons returned from Colorado Springs and that he accompanied her on the return trip to Oklahoma City; that they left early on the morning of August 25 on the return trip. He testified that he had worked the previous night; that he paid no part of the expenses on the return trip; that he slept most of the way, for at least the last 250 miles prior to the time of the accident; that he was asleep at the time of the accident; that he did not know whether he was riding in the back or front seat at the time of the accident; that he had no recollection of the accident until several days thereafter when he regained consciousness in the hospital and that he did not drive any time on the return trip. On cross-examination he testified that he drove about 40 miles on the trip to Colorado Springs and that he did not have a driver's license. He was also asked on cross-examination whether it was the intent of Miss Lemons and himself to return in one day or stay all night enroute home. His answer was that he did not know; that he was with her and left that matter up to her.

Miss Lemons was killed in the accident and the only other evidence at the trial in addition to the physical facts was by Vernon Butler, a State Patrolman who visited the scene of the accident shortly thereafter, made measurements, and testified as to the condition of the highway at the place of the accident. He testified that in his judgment from a consideration of the physical facts as they appeared the car was travelling from 85 to 90 miles an hour at the time of the accident; that the travelled portion of the highway was smooth but that at the point where the car first left the highway there was a depression or rut immediately adjoining the paved portion of the highway. He testified that the weather was clear; that the highway was straight to the West from where the car was coming; that the car left the highway at the place where the adjoining depression or rut was located; that it came back onto the highway and travelled a distance of 354 feet and then went off the highway on the opposite side and overturned after travelling an additional 315 feet. Butler testified that the rut where the car first left the highway was from 4 to 10 inches wide and 4 to 6 inches in depth; that another accident had occurred at the same point on the highway shortly before August 25 and that shortly after August 25 the Highway Department repaired the defect in the pavement. The only evidence offered by the defendant was in the

cross-examination of Nichols and Butler and certain photographs and maps which were offered on the cross-examination of Butler.

At the close of the evidence the defendant was permitted to amend his answer to conform to the proof by setting up a plea of contributory negligence. The trial court also denied plaintiff's request for an instruction on res ipsa loquitur.

■ Error is predicated on the trial court's refusal to give an instruction on res ipsa loquitur. Plaintiff alleged specific acts of negligence in that he charged that Miss Lemons "negligently drove said automobile off the roadway on her right side onto a washed out shoulder and lost control of the automobile." Oklahoma has held that the doctrine of res ipsa loquitur is inapplicable in cases where acts of specific negligence are alleged.[1] In line with this holding by the Oklahoma court the trial court, therefore, correctly refused the request for this instruction.

■ It is also urged that the court erred in permitting defendant to amend his answer at the close of the evidence setting up contributory negligence as an additional defense. Plaintiff's evidence established that he was asleep at the time of the accident. Whether a guest passenger is guilty of contributory negligence in failing to exercise due care for his safety by going to sleep is a question of fact, depending upon the circumstances of each case.[2] Under Oklahoma decisions the fact that a passenger sleeps in an automobile in which he is riding creates circumstances warranting the submission of the question of contributory negligence to the jury.[3] Since the evidence of plaintiff adduced facts which injected this question into the case, the trial court correctly permitted defendant to amend his answer to conform to the facts.[4]

■ It is contended that the trial court committed prejudicial error in permitting cross-examination of plaintiff with respect to the fact that he drove part of the way on the trip to Colorado and that he did not have a driver's license; also with respect to the cross-examination as to whether it was his and Miss Lemons' intention to drive through in one day or stay all night enroute. A reading of this cross-examination reveals there was no objection thereto and it may, therefore, not be urged as error for the first time on appeal.

■ It is also contended that the trial court's instructions are so abstract and brief as to be of no aid to the jury in reaching its conclusions in light of the evidence of the case. The instructions are brief and abstract and might well have amplified some of the principles of law as applicable to the evidence in the case but again no exception was taken to the instructions of the court and they may not, therefore, be challenged for the first time on appeal.[5]

■ Appellant's contention that the court erred in instructing the jury that the burden of proving negligence was on plaintiff when he had met the burden both by actual proof and by the application of the doctrine of res ipsa loquitur is not quite clear. We have already held that res ipsa loquitur was properly excluded from the case. Assuming that appellant's evidence, if believed, was sufficient to make a case of prima facie negligence, it does not follow that the jury was required to accept it. The court correctly instructed the jury that this burden of proof rested upon plaintiff and that it was for the jury to say from a consideration of all the evidence whether the burden had been met.

■ Objection is also taken to the court's instruction with respect to contributory negligence but as already pointed out the question of contributory negligence arose from plaintiff's own evidence and the court, therefore, properly instructed the jury that it should determine this question, as well as

1. Bewley v. Western Creameries, 177 Okl. 132, 57 P.2d 859.
2. Smith v. Williams, 180 Or. 626, 178 P. 2d 710, 173 A.L.R. 1220.
3. Anderson v. Eaton, 180 Okl. 243, 68 P. 2d 858.
4. Simms v. Andrews, 10 Cir., 118 F.2d 803; Ward v. Coleman, 170 Okl. 201, 39 P.2d 113.
5. R. Olsen Oil Co. v. H. D. Fidler, 10 Cir., 199 F.2d 868.

the question of defendant's negligence, from a consideration of all the evidence.

This case is peculiar in that there is little direct evidence as to what occurred. Miss Lemons was dead. There were no eye witnesses save plaintiff and, if one construction is placed on his testimony, he was not an eye witness because he was asleep. There are, however, a number of physical facts and circumstances which might have influenced the jury in its deliberations. It might have concluded that the injury was the result of an unavoidable accident or that Miss Lemons was guilty of negligence for any number of reasons, such as driving at a reckless rate of speed without due regard for plaintiff's safety, or that she became sleepy and carelessly continued to drive thereafter. This would establish negligence on her part. But then the jury might also have concluded that plaintiff himself was guilty of contributory negligence in going to sleep and exercising no regard for his own safety by sleeping and placing the entire burden of driving on her. Or the jury might well have concluded that the evidence was too inconclusive for it to say that the accident was due to her fault and that plaintiff, therefore, failed to sustain the burden resting on him to prove to the satisfaction of the jury that he was without fault and that she was at fault.

It is our conclusion from a consideration of the entire record that the judgment appealed from should be and it is, therefore, affirmed.