## DENHAM v. STEAMER AVALON, Inc.

Court of Appeals of Kentucky.

Oct. 2, 1953.

S. Arnold Lynch, Louisville, for appellant.

Doolan, Helm, Stites & Wood, Louisville, for appellee.

COMBS, Justice.

This is an action for personal injuries. The appeal is from a judgment entered on a directed verdict for the defendant.

In September, 1950, the plaintiff, Dorothy Denham, purchased the necessary ticket and boarded the steamer Avalon, an excursion

boat, at Louisville, for a ride up the Ohio River. She was accompanied by her husband and another couple.

Plaintiff and her companions went immediately to the second deck of the boat and occupied one of the tables adjacent to the dance floor. The party ordered some beer which was served to them by a waiter. Plaintiff and her husband decided to dance but after taking a few steps they realized the floor was very slippery and, according to her, they "sat down because the floor was too slippery—it wasn't safe to be out there." Some thirty minutes later plaintiff's party decided to go to the top deck. This they did, but finding the air on the top deck chilly they soon returned to their table on the second deck. Some of the party wanted another round of beer but they were unable to get the attention of a waiter. Plaintiff thereupon got up and went to the bar, which was on the opposite side of the boat. She obtained three bottles of beer and, thus laden, started to return to her table. When she was within a few feet of her table on the return trip she fell on the floor and was injured.

The defendant insists that plaintiff has failed to show any negligence on its part, and also that plaintiff was guilty of contributory negligence as a matter of law. In view of the conclusion we have reached on the question of plaintiff's contributory negligence, it is unnecessary to decide whether there was any showing of negligence on the part of the defendant.

■ Although plaintiff admits she walked on the floor with knowledge that it was slippery and unsafe, she relies on the line of cases which hold that the use of unsafe premises by a person with knowledge of the condition does not bar recovery where the use is necessary in order to protect a legal right. City of Madisonville v. Poole, Ky., 249 S.W.2d 133; Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S.W.2d 18. Applying the foregoing generalization to this particular case, plaintiff points out that she was a paying passenger on the boat. She says she had the right to walk across the floor from her table to the bar or to other parts of the boat open to the public, and that although she knew the floor was slippery, her acts did not amount to contributory negligence because her use of the floor was necessary in the exercise of her right as a patron of the boat. Admittedly, this is a sound rule of law and is supported by the cases cited above. However, the applicability of the rule depends in this case, as in all cases, upon the facts developed by the evidence.

Plaintiff's counsel seems to pitch his argument upon the supposition that his client did not fall upon the dance floor. He says that at the time she fell she was walking along the edge or fringe of the dance floor. But any confusion which might otherwise exist on this point is dispelled by plaintiff's own testimony. She was asked this question: "147. You were still on the dance floor when you fell—the edge of the dance floor? A. Yes."

■ Plaintiff having admitted she fell when she attempted to walk on the dance floor which she knew was slippery, we now look to see whether she has shown it was necessary for her to walk across the dance floor in order to exercise her rights as a patron of the boat. We think the answer must be in the negative. In the first place, there is no evidence that plaintiff's order would not have been served by a waiter if she had been willing to await her turn. But a more serious defect is the absence of any testimony that it was reasonably necessary for plaintiff to walk across the dance floor in order to reach the bar where the beer was sold. It is said by plaintiff's counsel "that there was no evidence * * * the defendant had provided a safe place in which patrons should walk." From plaintiff's standpoint, that is not sufficient. Since she had knowledge of the slippery and unsafe condition of the floor the burden was on her to show that it was reasonably necessary for her to cross that part of the floor in order to accomplish her mission. In the absence of such testimony we think plaintiff failed to prove a

case and the court properly directed a verdict for the defendant. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22; Fisher v. Hardesty, Ky., 252 S.W.2d 877.

The judgment is affirmed.