ATCHISON, T. & S. F. R. CO.

v.

ANDREWS.

No. 4676.

United States Court of Appeals
Tenth Circuit.

March 12, 1954.

Rehearing Denied April 9, 1954.

L. W. Butterfield, Los Angeles, Cal. (R. S. Outlaw, Chicago, Ill., E. C. Iden and B. G. Johnson, Albuquerque, N. M., on the brief), for appellant.

James B. Cooney, Las Cruces, N. M. (P. H. Dunleavy, Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Henry E. Andrews sued The Atchison, Topeka and Santa Fe Railway Company to recover damages for the alleged breach by wrongful termination of a contract between the parties in which defendant employed plaintiff to dig or drill certain test holes for the discovery or development of uranium. A copy of the contract was attached to the complaint. It was in the form of a letter written by the defendant to plaintiff and accepted by the latter. It provided that plaintiff should furnish all labor, tools, powder, and equipment to dig or drill the test holes; that payment for such work should be on the basis of actual cost of labor and materials, plus ten per cent, plus rental of equipment, plus payroll taxes; and that defendant should carry insurance on plaintiff's men. By answer, the defendant pleaded that the contract was for the performance of personal services; that it was terminable at will; and that it was not alleged in the complaint that plaintiff was a duly licensed contractor. A verdict was returned for plaintiff in the sum of $2,500; judgment was entered upon the verdict; and defendant appealed. For convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

Reversal of the judgment is sought on the ground that the contract, being one for the rendition of personal services and providing no period during which it should be in force nor any specific amount of work to be completed, was terminable at will. The contract was one for the rendition of personal services. It did not provide any period of time during which it should be in force and effect. And it made no provision for any specific amount of work to be completed under its terms. It provided that test holes should be dug or drilled. But it did not fix the number of such holes, or contain any specification concerning them. It is the well settled rule that a contract providing solely and exclusively for the rendition of personal services, fixing no period of time during which it shall be in force and effect, and failing to specify that a certain amount of work shall be performed under its terms, is terminable at the will of either party. Warden v. Hinds, 4 Cir., 163 F. 201; Fahrenwald v. Ohio Steel Foundry Co., 6 Cir., 16 F.2d 658; Boatright v. Steinite Radio Corp., 10 Cir., 46 F.2d 385; Livermore v. Mandeville & Thompson, 5 Cir., 93 F.2d 563, certiorari denied, 303 U.S. 653, 58 S.Ct. 752, 82 L. Ed. 1113; Christensen v. Pacific Coast Borax Co., 26 Or. 302, 38 P. 127; Foster v. Atlas Life Insurance Co., 154 Okl. 30, 6 P.2d 805; Carpenter Paper Co. v. Kellogg, 114 Cal.App.2d 640, 251 P.2d 40; Duff v. P. T. Allen Lumber Co., 310 Ky. 439, 220 S.W.2d 981.

Recognizing the general rule just stated, the trial court interpreted the contract as being terminable. But the court was of the further view that

it could have been terminated only by the giving of reasonable notice of termination. While the attorney for plaintiff was arguing the case to the jury, the court suggested that he explain to the jury the manner in which the court had interpreted the contract in respect to it being subject to termination. Thereupon, the attorney for the defendant suggested that the court do that in order that counsel and the jury would understand what the issue was to be. Immediately after that suggestion was made, the court instructed the jury that the contract could have been terminated by either party by giving reasonable notice of such termination; that the defendant terminated the contract without giving any notice; that it was wrong in failing to give notice; and that the question of liability was limited to the damages which may have accrued to plaintiff by reason of the failure to give a reasonable notice of the termination of the contract. The attorney for the defendant stated that he assumed the question of the measure of damages would be covered in the general instructions, and the court observed that the assumption was correct. Argument to the jury was then resumed. Following the arguments and in the course of its general instructions, the court again instructed the jury that the contract was one which the defendant could terminate. But the court added that before it could terminate the contract rightfully, the defendant was required to give plaintiff reasonable notice thereof in advance; that it was for the jury to determine whether notice was given; and that if notice was not given or whatever notice was given was not reasonable, then it was for the jury to determine what would have been a reasonable notice. No exception was taken to the special instruction or to that part of the general instructions in respect to the contract being terminable but that reasonable notice must have been given before it could be rightfully terminated. Of course, the defendant was not in position to except to that part of the instructions in respect

to the contract being terminable for that was in complete harmony with the contention of the defendant. But no exception was taken to the added part of the instruction to the effect that while the contract was terminable, before the defendant could rightfully terminate it reasonable notice of termination must have been given. The defendant requested the court to instruct the jury in respect to what was a reasonable notice, but it did not except to that part of the instruction to the effect that the contract could not be rightfully terminated without giving a reasonable notice thereof in advance. And it is a firmly established rule that ordinary errors in instructions are not open to review on appeal unless the matter was brought to the attention of the trial court by exceptions to the instructions or in some other appropriate manner. Interstate Motor Lines v. Great Western Ry. Co., 10 Cir., 161 F.2d 968; W. T. Grant Co. v. Karren, 10 Cir., 190 F.2d 710; Nichols v. Barton, 10 Cir., 201 F.2d 110.

■ The judgment is challenged on the further ground that even if notice of termination were required, any damages resulting from the failure to give it would not include loss of profits which plaintiff may have earned during the period the contract would have been extended by such notice, but only such consequential loss, if any, as could have been avoided if reasonable notice had been given. The substance of the instructions in respect to the measure of damages was that if the jury determined that the defendant did breach the contract in that reasonable notice was not given, plaintiff would be entitled to recover damages in such sum as the jury believed under the evidence would reasonably, fairly, and justly compensate him for the loss of any profits he may have made during the period intervening between the giving of a reasonable notice of termination, and termination of the contract. But the defendant did not submit to the court a requested instruction in respect to the measure of damages. Neither did the defendant except

to the instruction given covering the subject matter. And in these circumstances the contention presently urged is not open to review. R. Olsen Oil Co. v. Fidler, 10 Cir., 199 F.2d 868.

The defendant advances the further contention that even if loss of profits were an element of damage, it should be measured by the profits previously received by plaintiff for work actually done under his contract, not by those of other contractors under other contracts which included other work of a different character and scope. It is argued in amplification of the contention that plaintiff was permitted, over the objection of defendant, to introduce evidence showing that large sums were paid to two other contractors for work done under certain contracts offered in evidence; that the attorney for plaintiff argued to the jury that plaintiff was entitled as damages to ten per cent of the amounts paid such other contractors; that while the amount of the verdict indicates that the jury did not give plaintiff an amount equal to ten per cent of the amounts paid to the other contractors, it is evident that the amount awarded plaintiff was influenced by the amounts paid to such contractors. The court did admit over the objection of the defendant evidence tending to show that soon after terminating the contract with plaintiff, defendant entered into a contract with another contractor to construct and maintain roads, clear off top soil, drill test holes, dig test pits, and transport and crush samples of ore taken from certain described land; that a large amount of work was done under the contract and the contractor was paid more than $100,000 therefor; that soon after such contract was terminated, a similar contract was entered into with a second contractor; that a large amount of work was done under the terms of that contract and more than $125,000 was paid for such work. But the court did not instruct the jury that the amounts paid such contractors, respectively, could be taken into consideration in determining the amount of damages to which plaintiff was entitled. As already indicated, the court instructed the jury in clear and specific language that in the event it found for plaintiff, the measure of his damages was the amount of profits he would have earned under the contract during the time intermediate the giving of a reasonable notice of termination and termination itself. And in the absence of a showing to the contrary, it must be assumed that the jury understood and applied the instruction in reaching its verdict. Loew's v. Cinema Amusements, 10 Cir., 210 F.2d 86.

Complaint is made that the evidence was insufficient to support the verdict and judgment in respect to amount. It is said that there was no substantial evidence tending to show that plaintiff could have earned profits under the contract in the amount of $2,-500 between the giving of a reasonable notice in advance of termination of the contract and termination itself. Ordinarily, it is the exclusive function of the jury to fix the amount of damages; and in doing so, it is the prerogative of the jury to make a just and reasonable estimate of the damages based upon relevant data, and render its verdict accordingly. Too, the jury may act upon probable and inferential proof as well as that which is direct and positive. And, while damages must be actual, not speculative or conjectural, it is sufficient if the evidence as a whole affords a reasonable basis of computation, even though the result be only an approximation. Loew's v. Cinema Amusements, supra. While the evidence is not altogether satisfactory in respect to the amount of the damages awarded plaintiff, it cannot be said that there is no rational basis in the record for the verdict in respect to amount.

Finally, the right of plaintiff to recover damages in any sum for the alleged breach of the contract is challenged on the ground that it was not alleged in the complaint and proved on the trial that plaintiff had obtained a contractor's license. Section 51–1903,

N.M.S.A.1941, as amended by section 2, chapter 108, Laws of 1945, and section 1, chapter 158, Laws of 1947, defines a contractor as one who alone or in combination with others "for either a fixed sum, price, fee, percentage, or other compensation other than wages, undertakes or offers to undertake, or purports to have the capacity to undertake to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, or any part thereof; provided, that the term contractor, as used in this act, shall include subcontractor, but shall not include any one who merely furnishes materials, or supplies without fabricating the same into, or consuming the same in the performance of the work of the contractor as herein defined. Provided nothing herein shall be construed to apply to any construction or operation incidental to the construction and repair of any highway, to a public utility in the construction, reconstruction, operation or maintenance of its plant other than construction of buildings; or to the drilling, testing, abandoning or other operation of any petroleum or gas well, or to geophysical or similar exploration for oil or gas, and provided further that no railroad company shall be construed to be a contractor." And section 51–1914 provides among other things that no contractor as defined in section 3 (§ 51–1903) of the act shall bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the act without alleging and proving that he was a duly licensed contractor at the time the alleged cause of action arose. But it is clear from the record that in doing the work under the contract in question, plaintiff was merely an employee or servant of the defendant. And being a mere employee or servant of a railroad company, he is not barred from maintaining this action for failure to have and hold a contractor's license.

The judgment is affirmed.