Margaret E. O'NAN, Appellant,

v.

The KROGER COMPANY, Appellee.

Court of Appeals of Kentucky.

May 13, 1955.

Jack E. Mudd, W. C. Edrington, Louisville, for appellant.

A. J. Deindoerfer, Louisville, Ky.; Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellee.

STEWART, Chief Justice.

Margaret E. O'Nan appeals from a judgment entered upon a directed verdict against her in her action against appellee,

The Kroger Company, for personal injuries sustained by her when she slipped and fell on a wooden platform used as a floor behind a self-serving meat counter in appellee's store.

On January 30, 1953, appellant was in the employ of Edwards Sausage Company, performing the duties of a food demonstrator. As such, she prepared and served sausage to customers in the various stores of appellee in order to promote sales for her employer and for The Kroger Company. She had been doing this type of work for five years. On the occasion of her injury she had been sent by her employer to appellee's store at 1270 South Shelby Street in Louisville. She had been in this particular store on ten or twelve previous occasions over a period of two or three years. Her display consisted of a small place on the self-service meat counter and, as one faces the rear of the store, her stove or hot plate was set up on the far right end of the platform behind the meat counter, which was located across the rear of the room. The platform is about three feet wide and is about four inches high, and is made of wood boards nailed on top of two-by-fours. At the far end of the platform from where appellant worked is the wrapping room that one enters from the platform.

This was the first day of her new assignment and she had worked until 1:00 p. m. when she left for lunch. On her return she walked to the meat department in the rear of the store, went around the right end of the counter and stepped up on the platform. She then walked to the end of the platform and entered the wrapping room for some personal reason, where she stayed about five minutes. As she came out, according to her, "I stepped up on the platform, and both my feet flew out from under me like lightning." Her left elbow was fractured, with the result that she only has limited use of the left arm.

Appellant had been active over the entire length of the platform during the morning of that day. She testified unequivocally she had observed the condition of the platform and it was "dark and greasy looking." The reason for her fall, she explained, was that the platform was "slick and greasy." She also stated she had "slipped slightly" on the platform prior to the time she fell.

■ The parties hereto have agreed, and we believe correctly, that appellant was in the store as an invitee, and that appellee owed her the duty of using ordinary care to keep the premises in a reasonably safe condition. However, appellee was not an insurer of appellant's safety. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22.

■ Appellant insists the jury should have been allowed to determine whether the greasy, slippery platform was unsafe in the light of the testimony adduced. We do not agree, because there is no conflict of evidence as to the manner of the injury, so that there was no question to submit and, furthermore, we believe the facts show unmistakably that the injury resulted from an act of negligence upon the part of appellant.

■ In Fisher v. Hardesty, Ky., 252 S.W.2d 877, we set forth the doctrine that a person may be charged with contributory negligence as a matter of law where such person is apprised of a hazard and carelessly or deliberately exposes himself to it. We emphasized in that case that the owner or inviter is not liable for an injury to an invitee resulting from a danger which is obvious, or from a condition which is as well known to the invitee as to the inviter.

In the Hardesty case a woman slipped on an ice-coated vestibule as she was leaving a drug store. We concluded she knew or should have known of the dangerous state created by mopping the floor of an outside vestibule in freezing weather, because she had stood and watched the operation while she waited for the store to open. We held in that case that the woman was guilty of contributory negligence as a matter of law, since she had knowledge of such facts as put her on notice that risk attended her movement when she chose to walk across the wet vestibule floor that was exposed to the elements. That case and others that have since been decided in line with it con-

trol the case at bar. See Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505; Denham v. Steamer Avalon, Inc., Ky., 261 S.W.2d 291.

In the present case, appellant's direct testimony reveals that she was thoroughly aware of the greasy, slick state of the floor and of the peril incident to its use. Had she not actually slipped on it that very morning? This she freely admitted. Her knowledge with reference to the existing condition equaled that of appellee. The application of the legal principle on which the Hardesty case turned to the facts here is clear. Appellant voluntarily subjected herself to the danger that resulted in her mishap and this conduct upon her part in the eyes of the law was negligence itself.

It is argued that appellant's assumption of the risk under the circumstances does not constitute a defense in favor of appellee because the latter was under a duty to keep the premises in a reasonably safe condition and its failure to do so created a situation where it is reasonably necessary to undergo a risk in order to protect a right. Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S.W.2d 18, and City of Madisonville v. Poole, Ky., 249 S.W.2d 133, are cited to support this contention. In Peerless Manufacturing Corp. v. Davenport, 281 Ky. 654, 136 S.W.2d 779, 780, plaintiff, a business invitee, fell at night from a platform in front of defendant's factory. He was denied a recovery because the evidence established that he knew the condition of the platform from having used it to enter the factory the afternoon of the day of the accident. This Court there said: " * * * An invitee's right to assume that premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him, or that would be anticipated by one of ordinary prudence. * * * "

In the Steamer Avalon case, cited above, this same argument was advanced. The plaintiff in that case, a woman, left her ta-

ble to purchase some beer at a stand on the opposite side of the space where dancing was going on and, in returning, she was attempting a short-cut across the slippery dance floor when she fell and injured herself. She had been apprised that the floor was slippery because she and her husband had danced on it earlier. We held in that case that the injured person must prove it was necessary to make use of the slippery floor in order to accomplish her mission and, as she had failed to do so, she had not made out her case. Here, too, the burden was upon appellant to show why she went to the far end of the platform from her place of employment and entered the wrapping room. There was a complete absence of testimony to establish that this trip was necessary to protect a legal right.

The trial court had a clear understanding of the legal principles we have discussed and their application to the facts of this case. He ruled correctly when he directed a verdict for appellee.

Wherefore, the judgment is affirmed.