**Carl C. CASSIDY, Appellant,**

v.

**BRIAR BOWL, INCORPORATED,**
**Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Rehearing Denied March 29, 1968.

Lawrence S. Hail, Somerset, for appellant.

Viley O. Blackburn, Smith & Blackburn, Somerset, for appellee.

FAUST Y. SIMPSON, Special Commissioner.

Appellant sued the appellee, Briar Bowl, Incorporated, Somerset, Kentucky, for injuries received when he allegedly slipped down in the rest room of appellee's place of business. At the trial of the case, the appellee made motions for directed verdicts at the close of appellant's evidence, at the close of its evidence, and at the close of all the evidence. All of the motions were overruled. Thereafter, a judgment was entered in favor of appellant based on the verdict of the jury. The appellee then filed a motion for judgment n. o. v. As a result of a hearing on this motion, the court set aside its original judgment and entered a judgment n. o. v. in favor of appellee and dismissed the action. This appeal followed.

The building in which the appellee operates its bowling business contains a women's and a men's rest room for the convenience of the patrons of the bowling alley. The men's rest room in question is a room about 8 by 10 feet and contains a urinal, commode, and washbasin. As one enters the door, the urinal is hanging on the wall straight ahead about 6 or 8 feet. Beneath the urinal is a combination steel and rubber mat, measuring about 2 by 4 feet, placed there to keep bowling patrons from getting the soles of their shoes wet. The floor is of ceramic tile, light and dark gray in color, and slopes slightly to the center where a drain is located.

The appellant was a part-time employee of the appellee. On the night of his injury he had gone to the Briar Bowl with two companions to get his check for his work the night before. While there appellant and his two companions, Charlie Davis and Curtis Marcum went to the rest room. Davis and Marcum entered first followed by appellant. Appellant waited behind Davis and Marcum for approximately two minutes before it came his turn. He stepped up to the urinal on the mat, used the urinal, and turned to leave. When he took one step off the mat, his foot slipped and he fell sustaining the injury complained of. It is his contention his fall was caused by the slippery condition of the floor as a result of an accumulation of water on

it. Appellant testified this accumulation of water on the floor was caused by an overflow from a stopped-up drain; that he had seen the overflow at other times; and that he had been asked by the manager to mop it up.

As pointed out in appellant's brief, the record does not show why the trial court granted the judgment n. o. v., but it was apparently granted on the grounds of contributory negligence of the appellant. We are in agreement with this ruling. This case is not unlike the recently decided case of Southern Bell Telephone & Telegraph Co. v. Walters, Ky., 413 S.W.2d 615, 617 (1967), wherein we stated:

"[A]n invitee's right to assume that the premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety, nor license him to walk blindly and nonchalantly into dangers and obstacles which are obvious, plainly to be seen by him and entirely visible, or which are known to him, or would be anticipated by any person of ordinary prudence."

See also Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405.

Here, the appellant, of his own admission, walked into a place with which he was thoroughly familiar. A place where he had seen water running over the floor. He not only walked over the floor which he contends was wet, but stood on it and presumably stood in the water for a matter of two minutes, while waiting on the other two boys, and never looked down at the floor. Appellant not only should have anticipated the condition of the floor, having worked there and seen its condition before, but would have actually seen the condition on this night had he looked. It is manifest that he failed to use ordinary care for his own safety and that his own negligence so contributed to his injury as to bar a recovery.

Appellant contends he should not be held negligent in this case as he entered the rest room as a matter of necessity and cites Denham v. Steamer Avalon, Ky., 261 S.W. 2d 291. However, this argument is rejected in the present case for the same reason it was in Denham, wherein this court said on page 292:

"Since she had knowledge of the slippery and unsafe condition of the floor the burden was on her to show that it was reasonably necessary for her to cross that part of the floor in order to accomplish her mission. In the absence of such testimony we think plaintiff failed to prove a case and the court properly directed a verdict."

It is concluded the trial court was correct in finding appellant guilty of negligence as a matter of law.

The judgment is affirmed.

All concur.