**212**

**Mabel G. WESTRAY, Appellant,**

v.

**Hugh B. STANDIFORD t-/d-/b Auction Center, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

Rehearing Denied Feb. 13, 1970.

James T. Robertson, Louisville, for appellant.

I. G. Spencer, Jr. and G. Wm. Clements, Louisville, for appellee.

CULLEN, Commissioner.

During the course of an auction sale at a public auction house Mabel G. Westray, a patron, was injured when a portable television set fell from a bed onto her foot. In her suit for damages against the proprietor of the auction house the jury returned a verdict awarding her $5,000, but the trial court entered judgment n. o. v. dismissing her claim. She has appealed from that judgment.

The evidence for Mrs. Westray was that the television set had been standing on a table; it was picked up, displayed and sold, and then the auctioneer's assistant "tossed" it onto a bed, where it landed among some linen, pillows, etc., about 14 inches from one side of the bed; it remained there for some six or seven hours as the auction sale continued and then suddenly fell from the bed onto Mrs. Westray's foot as she was standing next to the bed.

The theory of Mrs. Westray's case is that the auction personnel should have foreseen that the television set, carelessly placed near the edge of a cluttered bed, might fall when the bed was jostled or bounced by people bumping against it or sitting on it. The difficulty with this theory is that Mrs. Westray had the same knowledge of the situation as did the auction personnel. She saw the television set tossed onto the bed; she saw where it came to rest; she observed people during the next few hours crowded in the area of the bed and people from time to time sitting on the bed. It is plain that she had the same opportunity as did the auction personnel to foresee that the television set might fall from the bed. Having the same knowledge and opportunity, she had the same duty to foresee. See Fisher v. Hardesty, Ky., 252 S.W.2d 877; O'Nan v. Kroger Company, Ky., 279 S.W.2d 236. Accordingly, if the auction personnel were negligent, by the same token she was contributorily negligent. See Peerless Mfg. Corporation v. Davenport, 281 Ky. 654, 136

S.W.2d 779. It follows that the trial court acted properly in dismissing the complaint.

The judgment is affirmed.

All concur.