**Doris DANIELS, Appellant,**

v.

**John KERSHNER, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

As Modified on Denial of Rehearing Feb. 21, 1975.

P. H. Vincent, Ashland, for appellant.

C. B. Creech, Creech & Hogg, Ashland, for appellee.

CATINNA, Commissioner.

Doris Daniels appeals from a judgment entered pursuant to a jury verdict awarding John Kershner damages for injuries caused by her negligent conduct. Doris contends that Kershner was contributorily negligent as a matter of law, and her motion for a directed verdict or, in the alternative, her motion for judgment n. o. v. should have been sustained.

The Danielses and the Kershners lived in adjoining residences on Gartrell Street in Ashland. The property line between the two lots was the edge of Kershner's driveway. While the Danielses' driveway paralleled that of Kershner, it was separated by a grassy plot of approximately 3½ feet in width which was a part of the Danielses' front yard.

On the afternoon of June 7, 1970, while Paul Daniels was cutting the grass on the plot between the two driveways with a power lawn mower, Kershner instigated a controversy between himself and the Danielses. Kershner complained because grass clippings were being discharged onto his driveway. Paul Daniels ceased mowing, but his wife Doris resumed the task. Kershner became irritated and attempted to grab the handle of the power mower as Doris passed him. She proceeded to the sidewalk and turned the mower perpendicular to the driveways and continued the mowing. She was standing on her driveway and mowing toward the Kershners' driveway. Kershner, after exchanging blows with Paul Daniels at a point about halfway between the house and the street, went out to the city sidewalk where Doris was operating the mower. Disapproving of the methods being used by Doris, he put his foot on the housing of the power mower and pushed it backwards about two to three feet. At this time all the mower, with the possible exception of a small part of the front end, was on the Danielses' property. Kershner claimed that when he pushed the mower back with his foot Doris deliberately pushed the mower over his feet, thereby amputating three toes on the left foot.

Doris said that when Kershner pushed the mower back with his foot the handle hit her in the abdomen, causing her to bend foward. At the same time she was forced to turn her head aside to avoid a blow from Kershner's fist. She said that when she looked up she observed a severed toe on her driveway.

Kershner testified that he owned and used a power mower and that his employment had necessitated his supervising the mowing of lawns. The inherent danger of a power lawn mower is one that is obvious and generally observable by anyone who is familiar with its operation. Kershner was aware of this danger when he put his foot on the housing of the mower and pushed it back. He unreasonably injected himself into an extremely dangerous position. We can think of nothing more fraught with danger than jousting with a power mower while it is running. Although Don Quixote did not hesitate to joust a windmill, even he would have paused before taking on a power mower.

One who unreasonably subjects himself to peril known to him or generally observable by persons of ordinary prudence in his situation cannot recover damages sustained by him. Bennett v. Southern

Bell Telephone and Telegraph Company, Ky., 407 S.W.2d 403 (1966); O'Nan v. Kroger Company, Ky., 279 S.W.2d 236 (1955); Carlisle v. Reeves, Ky., 294 S.W. 2d 74 (1956).

We are of the opinion that the conduct of Kershner clearly establishes that he was guilty of contributory negligence as a matter of law.

The judgment is reversed with directions that a new judgment be entered in favor of Doris Daniels.

All concur.