CASE 45—PETITION ORDINARY—APRIL 29.

94   287
f134   827
134   829

# Lackat, &c., v. Lutz.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

THE MASTER IS NOT LIABLE FOR THE ACT OF HIS SERVANT in directing a stranger into a dark room on the premises not used as a passage way for strangers; and if the stranger is there injured by stepping into an unguarded opening in the floor he can not recover of the master. And although the stranger may have been seeking the master for the purpose of delivering to him a message from one of his employes, he is to be treated as a mere intruder, so far as the duty or care owed him by the master is concerned.

KOHN, BAIRD & SPECKERT FOR APPELLANTS.

No brief in record.

M. A., D. A. & J. G. SACHS FOR APPELLEE.

The non-suit was correct. There was no contract, and no public or private duty, on the part of defendant that the premises should be in any other condition than that in which they were; and the injury was not the natural or proximate result of any act or omission of defendant. (Cuff v. N. & N. Y. R. Co., 9 Am. Law Reg. (U. S.), 554; Wilkinson v. Fairrie, 1 Hur. & C., 633, 32 L. J. Ex., 73; Kohn v. Lovett, 44 Ga., 251; Wharton on Negligence, 828; Lou. & Port. Canal Co. v. Murphy, 9 Bush, 522; Paducah, &c., R. Co. v. Hoehl, 12 Bush, 41; Hooper v. Snead Iron Co., 12 Ky. Law Rep., 483.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

A general demurrer to the petition having been sustained, the plaintiff in this case, who is an infant, suing by his next friend, has appealed.

The cause of action is stated substantially thus: That on the — day of August, 1890, one Stoker, who was foreman or superintendent of defendant Lutz, requested plaintiff Lackat to go to defendant's place of business and inform him that his, Stoker's, child was dead, and he would not come to work that day.

That while on his way to the building owned by defendant for the purpose of delivering said message, he, plaintiff, was directed to go into a small room where the person could be found who would convey said message to the defendant; that said room was very dark, and while he was attempting to make a step his leg was caught in an opening or hole that had been negligently left so, and a large revolving wheel crushed his leg; that he did not know of the danger to which he was exposed, and could not discover it on account of darkness of the room.

It is further stated that plaintiff had no notice or warning of the danger, but defendant, his agents or servants, negligently directed him into said room.

It is not alleged plaintiff, when injured, was in performance of any duty to defendant, or that he was at the place of defendant with his knowledge or consent. On the contrary a fair inference from statements of the petition is, that he went there at instance and for accommodation of only Stoker, who was, for that day at least, not in service of the defendant.

It is not alleged that the room in which plaintiff received the injury was designed or used as a passageway, for strangers, or was ever, in fact, entered by any others than employes of defendant.

The defendant, therefore, owed to plaintiff no other duty or care than any other stranger or person intruding upon his premises without his consent or knowledge. And as the actual condition of the room in question was not a subject affecting the rights or interests of any other than defendant and his em-

ployes, we have the case of a plaintiff, not alleged to be deficient in intelligence, voluntarily going where he need not have gone, and the exercise of ordinary care would have kept him from going.

It is true, it is in general terms alleged, that plaintiff was directed by some one to go into that room where he could find a person who would convey the message to defendant. But even assuming the person who gave the direction was an employe of defendant, though it is not so alleged, still, if the room was too dark for him to see his way, he need not have gone, and ordinary prudence would have kept him from going there. Whether the person who gave the direction was or was not an employe of defendant, he alone, if any person, can be made liable for the injury, because he was not then acting in the line of his duty, or by the direct or implied authority of defendant.

Judgment affirmed.