## Lyle v. Megerle (two cases).

(Decided Oct. 19, 1937.)

228

CARL H. EBERT and HENRY J. COOK for appellants.

ODIS W. BERTELSMAN and WILLIAM C. BUTEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

In the late afternoon of January 2, 1936, Mrs. Mildred Lyle, a customer, slipped on melted snow or slush which had accumulated on the tile floor of a butcher shop in Newport, owned and conducted by Charles Megerle. Mrs. Lyle sued Megerle for damages for personal injuries, alleging negligence upon his part in permitting the slush and water upon the floor and causing it to become slippery and dangerous. Her husband, Nevlyn Lyle, sued to recover expenditures he had necessarily incurred for hospital and surgical treatment of his wife and for the loss of companionship, consortium and services. The cases were consolidated for trial, and, at the conclusion of the plaintiff's evidence, the court sustained the defendant's motion for a peremptory instruction, and a verdict was returned accordingly.

After a season of snow and cold weather, on the day of the accident the temperature was well above freezing. The snow had been melting throughout the day and many people were on the streets. The store had been open since 7:30 o'clock in the morning and the slush had been tracked in by customers. It was muddy and sooty. The accumulation on the tile floor was very slick. There were seven or eight employees at work in the store during the day. Mrs. Lyle had not noticed the condition of the floor and was four or five steps inside when she slipped and fell. Her ankle was broken and dislocated and she was otherwise injured.

The appellee maintains the ruling of the trial court was correct since there was no evidence indicating actual

or constructive notice on his part of the described condition; hence no evidence upon which the jury could have found that he had not exercised ordinary care to keep his premises in a safe condition. Further argument is made that Mrs. Lyle did not exercise ordinary care for her own safety.

A customer of a store, when on that part of the premises where customers are expected to go, is an invitee. Bridgford v. Stewart Dry Goods Company, 191 Ky. 557, 231 S. W. 22; Wall v. F. W. Woolworth Co., 209 Ky. 258, 272 S. W. 730. The defendant, therefore, was under the duty of exercising ordinary care to have the floor where the plaintiff fell in a reasonably safe condition for her use, and if he failed to do so he is liable in damages caused by his negligence; provided, of course, that she was not guilty of contributory negligence. Leonard v. Enterprise Realty Company, 187 Ky. 578, 219 S. W. 1066, 10 A. L. R. 238; Majestic Theater Company v. Lutz, 210 Ky. 92, 275 S. W. 16, 17; Kroger Grocery & Baking Co. v. Monroe, 237 Ky. 60, 34 S. W. (2d) 929.

The case is different from that line of cases where some object causing an injury to a customer had fallen or been placed upon the floor by a third person and had remained there momentarily or for so brief a time that the proprietor was not required to take notice of its presence, or he had had no opportunity to remove or guard against it. It is distinguishable also from the cases relied upon by the appellee where persons were injured through slipping on ice or slush on outside steps, or in entrance ways outside the storeroom, or were injured through water on a floor coming from a recent heavy rain and carried inside, where there was no evidence tending to show that the condition had remained an appreciable length of time. The case of Bridgford v. Stewart Dry Goods Company, supra, was where a patron went where employees were at the time, or just before had been, engaged in mopping up water which a few moments before had entered the basement as the result of an unusual rainfall. The condition here had been developing, if not existing the whole time, for eight or nine hours in plain view of the defendant's employees. The duty, in respect of maintaining the premises in a safe condition, is an active, affirmative, and positive one. Though oiling the floor, the cause of the accident in Kroger Grocery & Baking Co. v. Monroe,

supra, was doing an act which created the danger, and here it was the failure to act which created the condition, the principle of legal duty is the same if the defendant had actual or constructive knowledge of it.

Of course, accompanying the factor of notice is the question whether the court could hold as a matter of law that the condition was reasonably safe and that the slipping by a customer was not reasonably to be apprehended. The smooth surface and impervious quality of tile makes the accumulation of such substance as described in this case a situation from which such an accident should well have been anticipated. It would be an extreme view to take that reasonable men could not have foreseen the possibility of a customer slipping on slushy snow on a smooth tile floor.

Let us look to some precedents:

In Great Atlantic & Pacific Tea Co. v. McLravy, 71 F. (2d) 396 (C. C. A. 6), a customer slipped in an outside vestibule and was injured. The evidence was conflicting whether there was an accumulation of ice or snow at the place. The plaintiff testified that snow had been tracked in and frozen. This was denied and the defendant proved its employees had cleared the vestibule and applied salt to it early in the morning and again at noon had cleaned it off. This was about four hours before the accident. It was held that the direction of a verdict for the defendant had been properly denied, for the condition described by the plaintiff could well have come about after the place had been cleared at noon.

In Belzer v. Sears, Roebuck & Co. (Mo. App.) 76 S. W. (2d) 701, the plaintiff's evidence was that entrance steps had been covered with soft mud and were very slippery for 30 or 45 minutes before she slipped and fell there. A judgment for the plaintiff was affirmed.

In Blake v. Great Atlantic & Pacific Tea Co., 266 Mass. 12, 164 N. E. 486, 487, an oiled wood floor was made wet by water carried in on the feet and umbrellas of customers. A customer slipped and was injured. Applying common knowledge of the slipperiness of such a condition, it was held that,

"'The judge could not decide, as matter of law, that the condition was momentary, or inevitable, or so small in extent as easily to escape notice, or that a reasonably prudent man, knowing the condi-

tion of the wood and the usual result of inclement weather in causing moisture to be brought into the store, would not be negligent in failing to guard customers from slipping.''

Of like effect is Taylor v. Northern States Power Company, 196 Minn. 22, 264 N. W. 139.

These cases where the accident was caused by water and slush carried in by customers are in accord with principles applied in several of our cases. Thus:

In Majestic Theater Company v. Lutz, supra, a woman fell on what she proved was a slick, highly-polished marble step, and it was held to be a question for the jury as to the negligence of the defendant in maintaining such a situation.

In F. W. Woolworth Co. v. Brown, 258 Ky. 29, 79 S. W. (2d) 362, 363, following Kroger Grocery & Baking Co. v. Monroe, supra, where one claimed to have slipped on an oiled floor, the distinction was drawn between such a condition and one caused by a banana peel, piece of soap, or other substance which may have fallen on the floor, or had been put there by a third person a short while before the accident; and, further, it was held that, while the oiling of a floor is not per se negligence, it is a question for the jury whether the proprietor had kept his premises in a reasonably safe condition for the purpose of its intended use.

A customer in a store may assume that the floor will be free from obstructions of a dangerous nature and from a slippery spot, although he may not walk blindly, irrespective of obvious danger. If, in fact, he sustains a fall, the question should be submitted to the jury whether under the circumstances he was paying reasonable attention to the danger which might exist upon the floor; that is, whether he was exercising ordinary care for his own safety. Kroger Grocery & Baking Co. v. Monroe, supra, and cases cited therein. Annotation, 100 A. L. R. 718.

We are of opinion that the jury should have been allowed to determine whether the condition was reasonably safe for the defendant's customers, and the defendant knew or ought to have known it; that is, whether he exercised ordinary care, and, as well, whether the plaintiff observed due diligence.

The judgments are reversed.