## Peerless Mfg. Corporation v. Davenport.

Jan. 23, 1940.

Davis, Boehl, Viser & Marcus and Woodward, Dawson & Hobson for appellant.

Arthur W. Grafton for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

The Peerless Manufacturing Corporation is appealing from a judgment recovered against it by Clark F. Davenport for $1,750 as damages for personal injuries sustained by appellee when he stepped from a platform in front of one of the buildings at appellant's plant and for the sum of $160 for medical bills incurred in treatment of his injuries.

Appellee alleged in his petition in substance that he went to appellant's office at its plant for the purpose of engaging its service in the manufacturing of roasters

and while there appellant through its president and chief officer agreed and undertook to manufacture for him a working model; that in order to assist and direct the work he was invited to that portion of appellant's plant where the work was to be done; that appellant negligently failed to maintain its premises in a reasonably safe condition but on the contrary maintained a dangerous platform, without guard rail, or light, so located as to make its use dangerous to persons unfamiliar with the plant, which condition was known to defendant long prior to the date he sustained his injuries; that he remained in the room where the work was being done until it was dark outside and in attempting to leave and while proceeding upon a course usual and customary for such purpose, and while exercising ordinary care for his own safety, he was by reason of the dangerous condition of the platform caused to fall therefrom and to sustain the injuries set out in his petition. In addition to a traverse appellant affirmatively alleged contributory negligence upon the part of appellee which affirmative plea was denied by reply.

Three grounds are argued and relied on by appellant for reversal, the third and last being that appellee was guilty of contributory negligence as a matter of law, and the conclusion we have reached concerning that question renders it unnecessary to consider the other grounds.

The evidence, including photographs, shows there was a loading platform in front of the door to the shop where the work was done on appellee's roaster. This platform was about four feet from the ground and was flush with the floor of the shop. There was a ramp the same width as the platform leading from the ground to the platform along the side of the building which was used for trucks and for pedestrians. At the opposite end of the platform there were bannistered steps leading to the ground. There were no outside facilities for lighting the platform but there was a light inside the shop which shone on the platform when the door was open.

There is a sharp controversy between counsel for respective parties as to whether appellee was an invitee or a licensee but in the circumstances we do not regard that as material since for the purpose of determining

this appeal it may be assumed that appellee was an invitee. It is not disputed that appellee and appellant's employee who did the work on the roaster or assisted appellee in doing it entered the shop in the afternoon by way of the ramp and platform when appellee had an opportunity to and necessarily must have seen and observed the situation and the condition of the platform and the approaching ramp. There is evidence for appellant that later in the afternoon appellee went to the office to use a telephone and in so doing left and reentered the shop by way of the platform and ramp. This is denied by appellee. Appellee testified that about 6:30 and after the work was completed he asked a workman how to get out of the shop and to the office where he had left his coat. He was directed to go out the door which led to the platform, bear or turn to the right and go between two posts. The workman testified that he told appellee to go out the door, turn to the right and go through a gate which led to the office. Appellee stated that when he stepped out the door, it was very dark but he finally made out what he thought to be two posts; that he had taken about three steps in that direction when he fell off the platform and sustained the injuries complained of. There is some conflict in evidence concerning the degree of darkness and the employees in the shop testified that the door was open and the electric light on the inside was shining on the platform. Appellee stated that he did not know he was on a platform but just assumed the ground was level or flush with the door.

Assuming that appellee was a business visitor or invitee upon appellant's premises, appellant owed him the duty to exercise ordinary care to have its premises upon which he entered in a reasonably safe condition and to give adequate warning to enable him to avoid injury because of any artificial or natural condition which was not reasonably safe and which was not known to him. Dalton v. Steiden Stores, 277 Ky. 179, 126 S. W. (2d) 155; Restatement of the Law of Negligence, Section 343. There was likewise the duty upon appellee to exercise ordinary care for his own safety which is measured by the same standard, since the rule of comparative negligence does not prevail and is not recognized in this state. Sandy River Channel Coal Company v. Caudill, 60 S. W. 180, 22 Ky. Law. Rep.

1175. Where both parties are guilty of negligence which concurs in producing the injury complained of, courts will not stop to inquire which was the most negligent but will deny recovery if the injury would not have happened but for the negligence of the plaintiff. Mann Brothers v. City of Henderson, 154 Ky. 154, 156 S. W. 1063. An invitee's right to assume that premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him, or that would be anticipated by one of ordinary prudence. See Lachat v. Lutz, 94 Ky. 287, 22 S. W. 218, 15 Ky. Law Rep. 75, and Lyle v. Megerle, 270 Ky. 227, 109 S. W. (2d) 598. And one voluntarily exposing himself to such dangers is guilty of contributory negligence. Wallis v. Illinois Central Railroad Company, 247 Ky. 70, 56 S. W. (2d) 715.

Appellee knew or should have known of the condition of which he complained because he had used the ramp and platform in entering the shop only a few hours before the accident. Not only so but before departing he was told to turn to the right when he went through the door. According to his own evidence he assumed when he stepped through the door that he was on the ground. Acting on that assumption and notwithstanding the darkness he, without further investigation, walked off the platform. Ordinary prudence would have dictated that he exercise greater care for his own safety. Lachat v. Lutz, supra. To entitle appellee to recover it was necessary to show negligence upon the part of appellee as the proximate cause of his injuries and he himself must be free of contributory negligence. Chesapeake & Ohio Railway Company v. Bryant's Adm'r, 272 Ky. 339, 114 S. W. (2d) 89.

In the proven circumstances we are constrained to hold as a matter of law that appellee was guilty of contributory negligence and appellant's motion for a peremptory instruction should have been sustained.

Wherefore, the judgment is reversed and cause remanded for a new trial and proceedings consistent with this opinion.