**Noble WILKERSON et al., Appellants,**

v.

**Charles STORY, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1960.

Williams, Rivers & Melton, Paducah, for appellants.

Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellee.

CLAY, Commissioner.

Plaintiff appellant was injured when he fell through an opening in the second floor of a building under construction. He claims defendant (a subcontractor) negligently failed to cover up or barricade the aperture. The trial court directed a verdict for the defendant on the grounds (1) defendant did not create the opening, (2) defendant was not in control of the premises, and (3) plaintiff was guilty of contributory negligence as a matter of law.

The building involved was part of an atomic energy plant. Defendant was engaged to do certain metal work, including the laying of a checker plate steel floor. This involved substantially covering a designed opening about 4 feet wide and 100 feet long. One or more holes (about 4 feet square) were purposely left in the floor for the later construction of "chutes." Over this area defendant placed a row of steel "H" beams or columns about 6 feet high.

The plaintiff, a pipefitter, was working in this vicinity. He picked up a ladder and started to walk between two of the "H" beams. He did not look at the floor. Unfortunately there was none at this point.

There is a great deal of controversy about whether or not defendant was in control of the premises and whether or not he had a contractual obligation to cover or place guards around this opening. It

is unnecessary to consider these questions since we are convinced the trial court correctly found plaintiff contributorily negligent as a matter of law.

■■ Plaintiff was working on a building under construction. He had no reason to assume the defendant or anyone else had completed the flooring or made the premises safe for his use. From the very nature of the uncompleted structure any workman would normally exercise special care (which would be reasonable care under the circumstances) when traversing parts of the building with which he was not familiar. This is particularly true around the newly installed "H" beams or columns which gave notice that structural changes were being made on the floor. Under these circumstances this is what the plaintiff said he did:

> "I walked, angled across and walked within three feet of that hole going after the ladder, and when I came back I walked on the other side of the column—which put me in it, and I didn't know it was there, and there wasn't anything to keep me from walking in it."

Another workman who had accompanied the plaintiff observed the hole in the floor. (He testified plaintiff fell in as he was trying to hand the ladder across to the witness.) Another workman 12 feet away could see it.

■■ Plaintiff insists his mind was preoccupied with the ladder and that diverted his attention from where he was walking. While this may explain his carelessness, it does not excuse it. Even where a person has a right to assume that a walkway is reasonably safe, he is still under a duty to observe an obviously dangerous condition and may not walk blindly into it. J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405.

■ This is a much stronger case of contributory negligence than the foregoing because plaintiff had no right to assume this area had been made safe for his use. It is more like that of Entwistle v. Carrier Conveyor Corporation, Ky., 284 S.W.2d 820, in which we observed that when the plaintiff is chargeable with notice of special conditions he assumes the risk of obvious hazards. In that case the plaintiff stumbled over a metal beam while trying to walk around an exhibition booth.

■ Under the circumstances shown, we do not believe reasonable minds could differ as to whether or not the plaintiff was exercising due care for his own safety. He cannot lay the blame on a distant defendant when his own negligence was at least a substantial contributing cause of his injury. The court properly directed a verdict for the defendant.

The judgment is affirmed.