**Mary V. WILKINSON, Appellant,**

v.

**FAMILY FAIR, INCORPORATED, also known as Family Fair Discount Department Store, Appellee.**

Court of Appeals of Kentucky.

May 29, 1964.

Rehearing Denied Sept. 25, 1964.

Michael M. Hellmann, Thomas James, II, Louisville, for appellant.

John L. Bennett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

NOLAN CARTER, Special Commissioner.

This is an action by appellant, Mary V. Wilkinson, against appellee, Family Fair Discount Store, Inc., to recover damages for leg and back injuries sustained in a fall on a stairway in appellee's store.

This stairway leads from the first floor of the store to the basement. It is in two

sections, divided by a landing. The lower section leading from the landing to the basement runs back in a counter direction to the upper section, the two sections being divided by a wall. There are handrails running down each side of both sections.

It is necessary for one descending the stairs, upon reaching the landing, to turn sharply to his right and pass around the dividing wall to reach and continue down the lower section to the basement. The view of the lower section of the stairs is entirely cut off by the wall until the turn is made. At the top step of the lower section and on the extreme right as one descends the stairs, there is located a box-like object or abutment which appears from the evidence to be approximately one foot square. This object extends out level with the floor of the landing and covers almost all of the right portion of the upper step.

On July 7, 1961, appellant, accompanied by her granddaughter, was on a shopping tour on Fourth Street in Louisville. She and her granddaughter entered appellee's store and proceeded down the stairs to the basement. Appellant had a purse over her left arm and held a shopping bag in her left hand. With her right hand she held the handrail as she descended the steps. When she reached the landing she rounded the corner, reached for the handrail and stepped simultaneously. Her foot hit the object above described. Her leg gave way and she fell down several steps. As a result of this fall her leg and back were injured.

The trial court submitted the case to the jury under instructions that it was the duty of appellee to use ordinary care to maintain the stairway in a reasonably safe condition for its customers, including appellant, and second that it was the duty of appellant to exercise ordinary care for her own safety. The jury returned a verdict for appellant in the sum of $3,000.

Thereafter, appellee moved the trial court for judgment notwithstanding the verdict or, in the alternative, for a new trial.

The trial court entered an order sustaining appellee's motion for judgment notwithstanding the verdict. From this order appellant prosecutes this appeal.

Appellee's motion for judgment notwithstanding the verdict and for a new trial were predicated upon several grounds, but it is manifest that the order granting the judgment n. o. v. was entered because it was the opinion of the trial court that the evidence establishes that appellant was guilty of contributory negligence as a matter of law.

For appellee, it is urged that appellant was guilty of contributory negligence as a matter of law because the stairway was well lighted; because appellant admitted, had she looked before she stepped, she could have seen the obstacle; and because appellant had used the stairs previously and knew or should have known of the presence of the obstacle.

We think that these arguments are insufficient to support a finding that appellant was guilty of negligence per se for the following reasons:

■ Though the stairway was well lighted, the lighting is immaterial, for the obstacle which caused the fall was completely concealed from the view of appellant until she had rounded the wall. No amount of lighting could remedy this situation. While, as testified by appellant, she could have seen the "boxy thing" if she had looked down at her feet after passing around the wall and just as she was about to step, the law is not so harsh as to require that one must look directly down at his feet with each step taken; but only, in the exercise of ordinary care for his own safety, that he observe generally the surface upon which he is about to walk. See Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405.

Appellant was a business invitee and appellee owed her the duty to maintain the stairs in a reasonably safe condition, which would include having the steps uniform in depth and unobstructed by such obstacles as the one here, located in such position that it could not be seen by one descending the stairs until the wall was passed. An invitee has the right to assume that the premises are reasonably safe, though this does not relieve the invitee of the duty to exercise care for his own safety. See J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639; Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598.

However, in the exercise of ordinary care one is not required to look for danger not reasonably to be apprehended; and contributory negligence is not to be imputed to one who fails to look for such danger. See Foreman v. Western Union Telegraph Co., 228 Ky. 300, 14 S.W.2d 1079; Beam v. Calvert, Ky., 277 S.W.2d 35. In the absence of actual knowledge of the presence of the obstruction, certainly its presence upon the stairs could not reasonably have been apprehended. Beyond doubt, such an obstacle located where this was, is a rarity.

Nor do we think that the evidence is sufficient to establish that appellant knew or should have known of the presence of the obstacle. The evidence upon this question is that previously, when the store was operated by a predecessor to appellee, appellant had used the stairs to the basement. But nowhere in the evidence is it established that at those times the obstacle was present. In fact, it is not established that the stairs were the same as those presently in use.

The judgment notwithstanding the jury verdict is set aside and the verdict is reinstated, with instructions to enter judgment in conformity with such verdict.

Wherefore, the judgment is reversed for consistent proceedings.