**William SILVERMAN et al., d/b/a First Link Grocery, Appellants,**

v.

**Mary BOWMAN, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1967.

Rehearing Denied March 24, 1967.

Frazee & Frick, James H. Frazee, Herman E. Frick, Louisville, for appellants.

C. M. Leibson, Leibson & Leibson, Louisville, for appellee.

B. ROBERT STIVERS, Special Commissioner.

This is an appeal from the Jefferson Circuit Court wherein a judgment was entered on a verdict allowing appellee Mary Bowman to recover damages from appellants William and Bernard Silverman. Appellants operated a grocery located on the corner of Shelby and Market Streets, in Louisville. Appellee entered the grocery from the Shelby Street side, purchased some groceries, went out the same door from which she entered, took one or two steps to her right, turned the corner and was injured when she fell over sacks of potatoes which were stacked alongside the store.

Appellants seek reversal of the judgment upon the following grounds:

"1. Was the plaintiff, Mary Bowman, guilty of contributory negligence as a matter of law in failing to see the obvious danger of a stack of potato bags 3 feet in height on a public sidewalk and in broad daylight?

"2. Was General Ordinance, section 519.02 of the City of Louisville violated by the appellants?

"3. Was the violation of General Ordinance, section 519.02, the effective cause of the plaintiff's injuries?

"4. Does a violation of an ordinance relieve the plaintiff of the duty of exercising care for her own safety?

"5. Was it an abuse of discretion on the part of the trial judge to allow the reading of Ordinance, section 519.02, to the Jury?

"6. Did the court err in failing to give the instructions tendered by the defendants on the plaintiff's contributory negligence?

"7. On the whole case, did the lower court err in failing to give a directed verdict in favor of the defendants?"

Appellants contend that appellee was guilty of contributory negligence as a matter of law when she failed to see the sacks of potatoes. It is the general rule that a pedestrian has a right to the free use of any portion of the sidewalk which is open for public use, and has a right to assume that it is free from obstruction and in reasonably safe condition for travel. Monroe v. City of Louisville, 278 Ky. 648, 129 S.W.2d 119; City of Providence v. Hunter, 231 Ky. 72, 21 S.W.2d 135.

The degree of care a pedestrian is required to exercise is set forth in the case of Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789. In that case a pedestrian fell inside a store rather than on a public sidewalk. On the question of contributory negligence the court stated:

" * * * While appellee was required to exercise ordinary care for her own safety, such did not require her to look directly down at her feet with each step taken. * * * She had a right to assume that the floor of the market would be free from obstructions of a dangerous nature. While she was required to exercise ordinary care for her own safety, she was not required to look for danger

when there was no reason to apprehend danger.

\* \* \* \* \* \*

"The question of contributory negligence is ordinarily one for the jury, and it is only when the proof is such that reasonable minds can draw but one conclusion, that is, that plaintiff was negligent, that the question is one of law for the court to decide."

Applying this rule to the facts in the instant case we conclude appellee was not contributorily negligent as a matter of law.

 Grounds 2, 3, 4 and 5, which deal with General Ordinance, section 519.02, and the reading thereof during the trial, will be considered together. To protect the traveling public from any dangers existing on its sidewalks or public thoroughfares, the City of Louisville passed General Ordinance, section 519.02, making it a violation to obstruct the sidewalk in any manner except as otherwise provided. After denouncing several specific obstructions the ordinance contained the following words "or anything whatever." These words under a normal interpretation would include sacks of potatoes. It would appear that the appellants violated General Ordinance, section 519.02, and therefore the ordinance could be read to the jury. In the case of Severance v. Sohan, Ky., 347 S.W.2d 498, we held that it was in the sound discretion of the trial court whether or not the contents of an ordinance could be read to the jury.

The appellants requested the trial court give the following instruction:

"No. 2. It was the duty of the plaintiff at the time and place about which you have heard evidence to exercise ordinary care for her own safety and not to walk blindly into a danger, or dangers, which were obvious, known to her, or that should be anticipated by one of ordinary prudence. Although you may find for the plaintiff under Instruction No. 1, but find further that at the time and place of the accident the plaintiff was herself negligent and by reason of her negligence caused or brought about the injuries about which she complains and that she would not have been [sic] but for her negligence in that respect, then you shall find for the defendants."

The trial court refused to give it and gave the following instruction:

"No. 2. It was the duty of the plaintiff to exercise ordinary care for her own safety, and to keep a reasonable lookout ahead, and if you believe from the evidence that she negligently failed in one or more of said duties, and thereby caused or helped to cause and bring about this accident, when but for such failure on her part the accident would not have occurred, then the law is for the defendants and you will so find, even though the defendants were also negligent."

 When analyzing both instructions, it is apparent that the trial court amply covered the law in giving its own instruction.

The record reveals that this case was properly submitted to a jury, and the trial court did not err in refusing to give a directed verdict as contended by appellants.

The judgment is affirmed.

HILL and OSBORNE, JJ., dissent.