Sallie Mae **MORTON**, Appellant,

v.

**ALLEN CONSTRUCTION COMPANY**
et al., Appellees.

Court of Appeals of Kentucky.

June 23, 1967.

**734**

James A. Crumlin, Louisville, for appellant.

Michael A. Rowady, Winchester, John W. Morgan, Joseph L. Arnold, Allen, Duncan, Duncan & Arnold, Lexington, for appellees.

C. J. WADDILL, Special Commissioner.

Appellant Sallie Mae Morton was injured by stepping into an open manhole. Summary judgment was granted in favor of the appellees, Allen Construction Company and Construction Engineers, Inc.

Appellant was injured on September 27, 1963. For a considerable period prior thereto, appellees had been engaged in certain construction work, including that of sidewalks, on Maple Street in Winchester. Appellant had observed that work was being done in the general area. The reconstruction of a sidewalk adjacent to the Kroger parking lot required that a manhole between eighteen and twenty-four inches in diameter be opened in the sidewalk. No cover had been put on this manhole at the time of the accident.

In her deposition appellant stated briefly that: she had gone to the Kroger store in a taxicab; while there she cashed her check, bought some groceries and then left the store; she walked over the Kroger parking lot, went between some parked cars, and stepped over a curbing (approximately five inches high and four or five inches wide) onto the Maple Street sidewalk; and she had proceeded along this sidewalk about five steps or ten to eleven feet when she walked into the open manhole. All of this occurred in bright daylight on a clear day. She had good eyesight and her view was unobstructed.

The above facts are shown by depositions in the record at the time the motion for a summary judgment was heard in the lower court. There is no evidence in the record or shown by affidavit to be available to contradict this testimony.

■ In J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639, it was pointed out that one is not relieved of the duty to exercise ordinary care for one's own safety and is not licensed to walk blindly into dangers which are obvious, are known to him, or would be anticipated by a person of ordinary pru-

dence. Lachat v. Lutz, 94 Ky. 287, 22 S.W. 218, 15 Ky.Law Rep. 75; Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598.

◼ In the present case the danger was obvious. Also, appellant's culpability was greater when we remember that she had observed that work was going on in this general area. Under the conditions then existing reasonable men could only conclude that an ordinarily prudent pedestrian should have seen and avoided this manhole, which had a diameter of one and one-half feet or more. It was conclusively established on the showing made in circuit court that appellant was guilty of contributory negligence as a matter of law by blindly walking into this large hole. Sutton v. City of Frankfort, Ky., 309 S.W.2d 344; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Pease v. Nichols, Ky., 316 S.W.2d 849; Wilkerson v. Story, Ky., 340 S.W.2d 453.

◼ If as argued in her brief appellant's size, shape, or weight interfered with her vision, this was known to her personally and required a commensurate degree of care on her part. However, the depositions show that her eyesight was good and that she saw the curbing, which was approximately five inches high and four or five inches wide.

Printed in the back of appellant's brief we find "Appellant's Exhibit A," which purports to be an amended complaint alleging gross negligence on the part of the appellees but seeking no additional damages therefor. Appellant insists that the court erred in not permitting this amendment to be filed. Appellees contend that because of the depositions showing appellant's contributory negligence, her attorney was attempting to circumvent CR 56.

◼ If this alleged error were properly before us, we would be constrained to hold that on a hearing for summary judgment the allegations of the attorney in the pleading cannot supplant testimony in the record. Gevedon v. Grigsby, Ky., 303 S.W.2d 282, and cases cited therein.

◼ The official transcript of the record showing the proceedings reveals that appellant filed a motion requesting permission to file an amended complaint. If such a pleading was tendered, there is no order making it a part of the record on appeal, nor does the official transcript of record contain any amended complaint tendered by appellant below. It follows that the purported "Amended Complaint" printed as "Appellant's Exhibit A" in the back of her brief is not properly before this court. Therefore, we hold that appellant has failed to establish that the refusal of the circuit court to allow appellant to file an amended complaint was error.

◼ The testimony in the record at the time the motion for summary judgment was heard conclusively showed that appellant's case could not be submitted to a jury because she was contributorily negligent as a matter of law. If the plaintiff in a negligence case is to resist successfully the defendant's motion for summary judgment, the plaintiff must show in some way that there will be evidence upon the trial to create a genuine issue of fact. Payne v. B-Line Cab Co., Ky., 282 S.W.2d 342. Here, the depositions submitted on the motion for summary judgment furnished no basis for a belief that the appellant could produce evidence sufficient to make a triable issue of fact.

Judgment affirmed.

All concur.