**Willis H. SMITH, Appellant,**

**v.**

**Tessie W. SMITH, Appellee.**

Court of Appeals of Kentucky.

May 16, 1969.

Hughes & Gregory, Murray, for appellant.

John Clay Lovett, Benton, for appellee.

PALMORE, Judge.

Tessie W. Smith brought this action against her son, Willis H. Smith, asking $20,000 in damages for personal injuries resulting from a fall on the basement floor in Willis' home. A jury awarded her $13,000, upon which judgment was entered

accordingly. Willis appeals, contending he was entitled to a directed verdict on the premise that Mrs. Smith was guilty of contributory negligence as a matter of law.

The facts are not in dispute. Mrs. Smith, a schoolteacher, resides in Benton, Kentucky, in the same neighborhood as her son's new home. During the building of the new house she helped him with the painting, varnishing, cleaning of windows, and any other work that did not necessitate outside help. On the morning of her injury she went there to clean a linoleum floor located in the basement. She accomplished this process with soap and water contained in an "average size" dishpan. As she finished cleaning the floor she picked up the dishpan, which was still full of water, and proceeded down the hallway toward a bathroom to empty its contents. She was holding the dishpan with both hands in front of her body. As she reached the end of the hall her foot struck something solid, causing her to lose her balance, and she fell. The resulting injuries required surgery on her hip, including insertion of a metal contrivance, and caused her to lose a year from work.

Mrs. Smith stated that she could not answer whether she saw the object her foot struck, but after the accident she recalled there was a box of ceiling tile on the floor of the hall at the place where she fell. This box was about two feet square. She acknowledged that she had been a frequent visitor in her son's home and knew of its unfinished condition. In fact, on previous occasions she had noticed the box of tile and other building materials and tools in the hallway area. She also stated that there was no reason she could not have seen where she was going at the time of her fall. It simply did not enter her mind, she said, "to look for danger."

■ Willis Smith, as the owner, had the duty of exercising ordinary care to have his premises in a reasonably safe condition for the expected use of his invitee. Hum-

bert v. Audubon Country Club, Ky., 313 S. W.2d 405 (1958).

■ An invitee has a right to assume that the premises he has been invited to use are reasonably safe, but this does not relieve him of the duty to exercise ordinary care for his own safety, nor does it license him to walk blindly into dangers that are obvious, known to him, or would be anticipated by one of ordinary prudence. J. C. Penney Co. v. Mayes, Ky., 255 S.W. 2d 639 (1952); Morton v. Allen Construction Company, Ky., 416 S.W.2d 733 (1967).

■ There can be no doubt that Mrs. Smith had notice of the physical condition of the basement, in which she had recently observed tools and building materials on the floor. She knew of the presence of the box of tile in the general area prior to her fall and would have seen it had she been exercising ordinary care. Cf. Humbert v. Audubon Country Club, Ky., 313 S. W.2d 405, 407 (1958). It is our opinion that she was contributorily negligent as a matter of law.

The argument against this conclusion is pitched on Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789 (1963), and Silverman v. Bowman, Ky., 411 S.W.2d 906 (1967), both of which were grocery store cases. It is customary for mercantile establishments to keep the aisles between display shelves clear and unobstructed, especially in this modern era of self-service groceries in which the customer looks among the shelves as he or she moves along behind a pushcart. Knowing this familiar fact of life, customers have good reason to assume that the floorways where they are expected to walk are "free from obstructions of a dangerous nature." Cf. Winn-Dixie Louisville, Inc. v. Smith, supra, 372 S.W.2d at p. 792. In such places the attention paid by ordinarily prudent persons to the surface under foot is likely to be less than would be so with respect to other premises, such as a private residence in which a visitor might reasonably be ex-

pected to anticipate the presence of children's toys or other impedimentia scattered about, depending on the specific circumstances of the case. In this instance Mrs. Smith, having previously observed the box of tile and other construction items on the floor of the hall, had no reason to assume there would be none there on the morning of the accident. Cf. Morton v. Allen Construction Co., Ky., 416 S.W.2d 733, 735 (1967).

Silverman v. Bowman, Ky., 411 S.W.2d 906 (1967), already has acquired a degree of local fame as the "potato-sack case." There are those who would have it stand for the proposition that a pedestrian may collide with the Washington Monument in broad daylight without being negligent as a matter of law. But the touchstone of the case lies in the fact that the sacks of potatoes were located in a place of concealment from customers rounding a corner as they emerged from the entrance to the store. In this vital respect the case was analogous to Wilkinson v. Family Fair, Inc., Ky., 381 S.W.2d 626 (1964), in which the obstruction over which the plaintiff stumbled was located immediately around a corner she was required to turn in descending a stairway.

As in Morton v. Allen Construction Co., Ky., 416 S.W.2d 733 (1967), the circumstance creating an interference with Mrs. Smith's view (i. e., carrying the dishpan of water) was of her own making and within her knowledge, and required a commensurate degree of care on her part.

The judgment is reversed with directions that appellant's motion for judgment n.o.v. be sustained.

All concur.