**Hilda L. STEIDEN and Douglas Steiden, her husband, Appellants,**

**v.**

**The KROGER COMPANY, Appellee.**

*Court of Appeals of Kentucky.*

June 23, 1972.

Clinton R. Burroughs, Louisville, for appellants.

William Mellor, Mellor & Shaw, Louisville, for appellee.

C. J. WADDILL, Special Commissioner.

Appellants, Hilda L. Steiden and her husband, Douglas Steiden, were plaintiffs in the trial court. Appellee, The Kroger Company, was the defendant in the trial court.

Mrs. Steiden was injured by being struck on the left shoulder while in the path of the exit door at a grocery operated by The Kroger Company. Mr. Steiden's right to recovery is dependent upon his wife's right to recovery.

The circuit judge granted summary judgment in favor of The Kroger Company. We are concerned with the question of whether Mrs. Steiden's testimony, recorded in a discovery deposition, establishes as a matter of law that she was guilty of negligence contributing to cause her injury.

Mrs. Steiden occasionally patronized the Kroger store located at 1318 Berry Boulevard in Louisville. Ingress and egress to this store were available to the public at the front of the building by means of two side-by-side doors, one being the "in" door, which swung in, and the other being the "out" door, which swung out, each of the doors being activated by an electric eye. The "out" door had a glass insert through which a person outside the store in front of the door could see if anyone inside the store was about to activate the "out" door. Normally there was a rail which extended out between the two doors. This rail was not in place on the day of the accident because of alterations being made to the store.

When Mrs. Steiden went to the store on the day of the accident, she found that a crowd of people, attracted by an automobile collision in the street, had congregated in front of the store, some of whom were keeping the "in" door open by standing in the entrance in such a way as to break the beam of the electric eye for the "in" door. Mrs. Steiden stated that she was not interested in the automobile collision but "wanted to go on in, and do my shopping and get out."

After noting that the rail between the two doors was not in place, Mrs. Steiden attempted to take advantage of its absence by weaving her way on a course which brought her in front of the "out" door on her way to the "in" door. She says she knew that if someone on the inside came up to the electric eye, it would open the "out" door, but that she tried to keep far enough away so the door would not hit her if someone opened it. She stated that she then looked at the door, saw no one coming out, turned her back to the door intending to go around a woman when a person coming out of the store activated the door which swung open and hit her on the left shoulder.

As an invitee to the store, Mrs. Steiden had a right to assume that The Kroger Company had exercised ordinary care to have the premises in a reasonably safe condition and would give her adequate warning of any artificial or natural condition unknown to her which might cause her injury. Peerless Mfg. Corp. v. Davenport, 281 Ky. 654, 136 S.W.2d 779; Department of Conservation v. Floyd, Ky., 254 S.W.2d 495.

Mrs. Steiden chose her route of passage to enter the store with full knowledge that the crowd was present and that the rail, normally between the two doors, was not in place.

When the person leaving the store activated the "out" door of the building, the door operated in the anticipated manner.

**148**

The variable factors causing her injuries were Mrs. Steiden's dangerous location and reckless behavior in relation to the door.

Her right to make the assumptions set out above did not relieve Mrs. Steiden of the duty to exercise ordinary care for her own safety nor license her to walk blindly into dangers which were obvious, known to her, or that would be anticipated by one of ordinary prudence. J. C. Penny Company v. Mayes, Ky., 255 S.W.2d 639; Lachat v. Lutz, 94 Ky. 287, 22 S.W. 218.

Mrs. Steiden elected to try to enter the store by going in front of the "out" door. The danger of being struck by this door was obvious and known to her. She took the chance of injury. This was negligence on her part. Paducah Pole & Timber Co. v. Brockwell, 161 Ky. 424, 170 S.W. 970; Fisher v. Hardesty, Ky., 252 S.W.2d 877. In addition to positioning herself in the path of the door, she turned her back to the door. By her rash behavior, she contributed further to her peril and practically nullified all chances of taking evasive or protective action.

Mrs. Steiden's testimony is conclusive. There is no genuine issue of fact remaining. Reasonable men could only decide that Mrs. Steiden ignored her legal duties and failed to exercise ordinary care for her own safety, and that her negligence caused or contributed to cause her injuries.

The general rule in Kentucky is that a person who fails to exercise ordinary care for his own safety is guilty of negligence, and his right of recovery for his injuries is barred. Houchin v. Willow Avenue Realty Company, Ky., 453 S.W.2d 560; Layman v. Ben Snyder Inc., Ky., 305 S.W.2d 319; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405.

The facts distinguish this case from those cited by the appellants.

The judgment is affirmed.

All concur.