**Hazel SUMMERS, Appellant,**

v.

**COUPE CONSTRUCTION COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1973.

Manny H. Frockt, David E. Klein, Frockt & Benovitz, Louisville, for appellant.

Kenneth L. Anderson, Louisville, for appellee.

JONES, Justice.

Appellant, Hazel Summers, filed a complaint seeking damages from appellee, Coupe Construction Company, alleging that on April 10, 1970, it was negligent in the operation of its services for General Electric Company so that she was caused to fall and receive severe injuries. Appellee

answered alleging that appellant was contributorily negligent. The trial court entered summary judgment for appellee, holding Mrs. Summers guilty of contributory negligence as a matter of law. The sole issue to be determined is the propriety of that ruling.

Mrs. Summer's deposition shows that she had been employed by General Electric for fifteen years. On April 10, 1970, while walking to the water fountain she fell when she tripped on a clamp placed by appellee on an air hose which extended across the walkway which she used.

Mrs. Summers further testified that she had walked over the air hose on previous occasions and that she knew it was there. She stated that she first saw the hose when she was five feet from it and that she took two or three steps before she got to it, and that she was aware that she would have to step over the hose as she had done on other occasions. She stepped over the hose with her right foot, and then she caught her left foot on a bolt sticking out parallel to the floor about an inch and a half pointing toward the direction from which she had come. It seems appropriate to quote Mrs. Summers' testimony:

A.  Well, when I started here to this water fountain those electric wires and this air hose to this jackhammer was laying across the walkway.

A.  And I had *stepped over it two or three times a day* and on this certain morning I stepped over it with my right foot but then when I went with my left foot something caught me and I went down flat in the floor. [Emphasis added.]

Other evidence of record shows that the air hose was red and that the metal clamp and bolt were a contrasting color.

■  The Kentucky rule is that a person must exercise ordinary care for his own protection against injury. The rule does not require a person to look down directly at his feet with each step taken; but in the exercise of ordinary care for his own safety, one must observe generally the surface upon which he is about to walk. Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Southern Bell Telephone and Telegraph Company v. Walters, Ky., 413 S.W.2d 615.

■  We conclude that appellant was contributorily negligent as a matter of law and that the trial court's action in granting summary judgment was correct.

The judgment is affirmed.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.