**Michael VINSON, Appellant,**

v.

**Bradley E. GOBRECHT, Appellee.**

Court of Appeals of Kentucky.

Dec. 23, 1977.

Samuel G. Hayward, Williamson & Hayward, P.S.C., Louisville, for appellant.

Martin Roach, Roach, Cox & Brown, Louisville, for appellee.

Before HOWARD, REYNOLDS and WILHOIT, Judges.

WILHOIT, Judge.

This appeal is from a judgment of the Jefferson Circuit Court based on a jury verdict returned in favor of the appellee, Gobrecht, in the amount of $2,970.00 for damages to his automobile which was de-

stroyed while being driven by the appellant, Vinson. The jury in making its award apportioned the causation of the damage at 10 percent to Gobrecht and 90 percent to Vinson under a comparative negligence instruction given by the court.

On the evening of June 18, 1975, Gobrecht let Vinson borrow his automobile so that he could go get some beer and cigarettes for himself. Gobrecht told him to bring the car right back. Vinson did not return the car and about 3 hours later the police found him and the car in a ditch. The car was totally demolished. Vinson did not remember how the accident occurred but the evidence showed that on that evening the road surfaces were dry and clear and that the car was in good operating condition. It further appeared that both Gobrecht and Vinson had been drinking beer prior to the time Vinson took the car.

The appellant contends that the court erred in giving an instruction on comparative negligence rather than on contributory negligence. The appellee counters that if it were error it was not properly preserved by a specific objection to the instruction and that an instruction on contributory negligence is not warranted in a case such as this involving a bailment.

Our examination of the record, and in particular of a statement made by appellee's attorney before final arguments were made to the jury, convinces us that the appellant did make a specific objection to the comparative negligence instruction as being improper in this jurisdiction. This question was thereby preserved for appellate review. CR 51. The appellant also tendered an instruction on contributory negligence which was rejected.

■ The appellant was correct that this jurisdiction does not recognize the rule of comparative negligence and the instruction given by the court was not proper. *Peerless Manufacturing Corporation v. Davenport,* 281 Ky. 654, 136 S.W.2d 779 (1940).

■ Further, we are convinced that an instruction on contributory negligence was called for in this case. Appellee/bailor's complaint alleged that injury to the bailed property was caused by the negligence of the appellant/bailee. In such a case it has been held, and we believe correctly, that contributory negligence on the part of a bailor proximately contributing to the loss or injury complained of by him is a bar to his recovery. *Scholman v. Joplin Automobile Auction Co.,* 439 S.W.2d 215 (Mo.App. 1969); *Osborn v. Cline,* 263 N.Y. 434, 189 N.E. 483 (1934); 8 C.J.S. *Bailments* § 46. Here, there was evidence that the appellant had been drinking prior to the time the appellee let him borrow the automobile. The jury could have concluded, and did, that the appellee did not act as a reasonably prudent person in permitting the appellant to take possession of the car.

■ This finding of the jury appears to have been a finding of contributory negligence which should bar appellee's claim and require that a judgment be entered in favor of the appellant. We are convinced, however, that since the issue of contributory negligence was clothed in a comparative negligence instruction and since the court failed to instruct the jury as to the necessity of any negligence by the appellee being a substantial factor in causing the accident, it would amount to a manifest injustice for us to direct the trial court to enter such a judgment. CR 61.02. The judgment of the trial court is, therefore, reversed with instructions that a new trial be granted.

All concur.